## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

FANE LOZMAN                          )
         Plaintiff,                )
                        )      Case No. 9:22-cv-80118-DMM
v.                                   )
                        )
CITY OF RIVIERA BEACH, FLORIDA       )
         Defendant.                )
_____      )

### AFFIDAVIT OF GEORGE CHAPMAN ("CHAPPY") YOUNG, JR., PSM

STATE OF FLORIDA

COUNTY OF MARTIN

      BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgements, personally appeared, George Chapman Young, Jr., who after by me first duly sworn, deposes and says:

      1.      My name is George Chapman Young, Jr. and I am a Registered Professional Surveyor and Mapper, registered in the State of Florida, having Registration Number 3036 and am a competent adult over the age of 18 and able to give testimony in a Court of Law. I am attesting to the information contained within this Affidavit based upon my own personal knowledge.

      2.      On July 4, 2022, I personally e-mailed the attorney in the unrelated case referred to in Defendant's Motion to Continue Trial to determine whether I had a conflict that would have precluded me from providing expert services in the above-captioned matter.

      3.      On July 29, 2022, the attorney in the unrelated case indicated that I did not have a conflict.

      4.      On August 5, 2022, Defendant's counsel sent me a title search report for 5101 North Ocean Drive, Riviera Beach, FL 33408 (Plaintiff's Property).

EXHIBIT "1"

5.       Since August 5, 2022, I have visited Plaintiff's Property at least twice to conduct research or supervise surveying of Plaintiff's Property.

6.       Since August 5, 2022, I have been reviewing historical deeds within the title search report, as identified below.

7.       I have discovered serious discrepancies within the title search report and related historical records related to Plaintiff's Property.

8.       After extensive research into the Boundary of Lozman's property Quit Claim Deed (ORB 2866, Pg 1544 ~ **Exhibit A**) and the "TITLE SEARCH REPORT" by Attorneys' Title Fund Services (**Exhibit B**, with instruments), it is apparent that the Boundary is not easily reconciled, as determined by the following facts, to wit.:

a.       The root of title in the "chain of title" shown in the said TITLE SEARCH REPORT for the Lozman's property is the submerged land as described in TIIF DEED No. 17146 (**EXHIBIT C**, Item No. 2).  This deed <u>cites and says explicitly</u> that the point of beginning of the legal description of TRACT NUMBER 1. is based on the SE corner of Section 22, Township 42 South, Range 43 East, "….*as established by William J. Reyes, Deputy United States Surveyor in October, 1858 and recorded on the United States Government approved November 7, 1859,…..*". (**EXHIBIT D** ~ Township Plat)

b.       The history of the currently "commonly used" SE corner of said Section 22 used in the Lozman's Q.C. Deed identified above is of concern.  This commonly used Section Corner may control the placement of the **North Line of Lozman's** claim of ownership.

c.       The history of the currently "commonly used" SE corner of said Section 22 was discovered to be placed by Butler Barnett and Taylor (BB&T), Civil Engineers and Surveyors

in 1915 (BB&T Field Book, pages 17-18, **EXHIBIT E**) by prolonging, or extending, the south line of Section 20 eastward across the waters of Lake Worth to set said SE corner of Section 22. This 'commonly used' corner set by BB&T has been used by surveyors to establish the north boundary as described in Lozman's Q.C. Deed.

  *i.* The proper method of establishing a "Lost" Section Corner does not agree with the method used by Butler Barnett and Taylor in 1915. <u>The proper method is mandated by the "Manual of Surveying Instructions"</u> published by US Department of the Interior, Bureau of Land Management (BLM), Cadastral Survey. (see 8., c., *ii., 1.* ~ below). The BLM is the successor to the General Land Office (GLO). The GLO was the Federal Agency responsible for surveying the Public Domain and setting the original Section Corners (including the SE Corner of said Section 22, T47S, R43E) and this "commonly used" Section corner was set incorrectly as stated. ((see 8., c., *ii., 1.* ~ below)).

  *ii.* The "Federal Act of 1805" is instrumental in this Survey of the Lozman's north and south boundary lines and is characterized by the following statement:

  *1.* *The Act of February 11, 1805, crystallized the principles of the Public Land Survey System. The act is codified in Chapter 18 of Title 43 of the United States Code **and is still law**. The Act settled several basic principles of the subdivision of townships and sections. (1) <u>**Corners and lines established by United States survey are to be held as correct and proper corners and lines. No subsequent survey can correct the corner …..**</u>*
The proper reestablishment of these corners matters because the Act of February 11, 1805 stipulates that the corners set and the lines as marked in the original General Land Office surveys control the boundaries of lands patented by the United States.

      d.      Similarly, the history of the "currently used" North Line of Government Lot 1, Section 10, T 42 S, R 43 E is in doubt and <u>this line may control the south line of the Lozman's claim of ownership</u>.  Research  recently discovered by the signing surveyor indicates that the "commonly used" monumented North Line of said Government Lot 1 of Section 10 <u>was also established incorrectly</u>. (see 2., c., i. above)  Recent research shows that the now "commonly used" North line of said Government Lot One (1) was also placed by Butler Barnett and Taylor (BB&T), Civil Engineers and Surveyors, Civil Engineers and Surveyors in 1915, (BB&T Field Book, pages 12-15, **EXHIBIT F**) by prolonging, or extending, the south line of Section 6 eastward across the waters of Lake Worth to set said North Line of Government Lot 1 in said Section 10.  This "commonly used" corner set by BB&T has been used by surveyors to establish the south boundary as described in Lozman's Q.C. Deed and was <u>also set incorrectly</u>. (see 8., c., *ii., 1.* ~ above)

      e.      Compounding the problems with the Lozman's Q.C. Deed's legal description and those within the Title Report chain of Title, the signing surveyor has recently discovered an apparent "Boundary Line Agreement" document, as recorded in Deed Book 306, Page 220 (presumably recoded in Dade County, FL, public records).  (**EXHIBIT H**)

      i.  This instrument is between Lake Worth Realty Company and Fred A. F_ _ _ _ (? illegible) and F. ?. J_ _ _ (? illegible),  dated May 1_ (? illegible), 192 _ (? illegible).  This Boundary Line Agreement apparently addresses the disputed south line of Section 22, T42S, R43E and agrees on the "commonly used" South East corner of said Section 22, <u>as projected or extended across the waters of Lake Worth.</u>

ii. The signing surveyor wishes to confer with an authorized Title Examiner, or Real Estate Attorney on the significance of this Boundary Line Agreement relative to the TIIF Deed No. 17146, <u>which was not a party to this agreement</u>.

iii. In addition, the signing surveyor is unsure if this Boundary Agreement is directed to the <u>upland properties</u> of the involved parties, or that of <u>submerged lands,</u> possibly owned by the involved parties. Either way, the signing surveyor does not believe that this Boundary Line agreement negates or revokes the TIIF Deed No. 17146 or the legal description contained therein, which is the basis of the Lozman's claim of ownership.

f. There is an unresolved issue with the Lozman's Q.C. Deed legal descriptions that describes the western boundary being: "….*when produced West <u>to the channel of Lake Worth</u>*."

i. This issue is also documented on the "Boundary Topographic Survey" by Legacy Surveying and Mapping, Inc., dated April 29, 2019, and "PREPARED FOR: LANE LOZMAN ". (**EXHIBIT G**)  Said Boundary Survey by Legacy shows the western boundary line is the same as the centerline of the INTRACOASTAL WAERWAY, a great distance west of the western boundary of the TIIF DEED NO. 17146.

ii. Further research by the signing surveyor is needed to investigate the existence of any "Channel of Lake Worth" at the date of the first instrument reference to same, that may exist in legal descriptions contained in the instruments in the Chain of Title.

9. Thus, as a result of the above multiple complexities regarding Mr. Lozman's claim of ownership, the determination of <u>Mr. Lozman's correct North, South and West property boundaries lines are still unresolved.</u>

10.     Finally, the procedures needed to resolve the issues described in paragraph 8. (a.-e.) above is called "**Retracement Surveying**" by a qualified Surveyor.  GCY, Inc. has such a qualified surveyor on staff.  His name is Corwyn ("Corky") James Rodine.  Corky is a retired BLM Cadastral Surveyor for the Federal Government and has spent his entire career working for the BLM conducting "Retracement Surveys" for the BLM.  Mr. Rodine resides in Arizona and works for GCY, INC. remotely from his home providing direction and proper determinations of GLO corners and lines run, based on the Manual of Surveying Instruction, as mentioned above.

11.     To conclude, the Retracement Survey and to finalize the Boundary Survey for the Lozman's claim of ownership would take an **estimated two (2) months** of additional survey investigation, field work and mapping.

12.     According to my preliminary research, Plaintiff's property may be different than described within the Palm Beach County's Property Appraiser's Office by potentially several acres due to the discrepancies mentioned above.

13.     To properly determine the boundaries of Plaintiff's property, I require the expertise our surveyor Mr. Rodine, who can adequately conduct a Retracement Survey on the GLO surveyed lines that govern the Plaintiff's Property.

14.     Moreover, I must conduct more research into the historical records of the development of Highway A1A, as well as "borrow pit" sites, to determine the date that certain channels within Plaintiff's Property were created.  There is a high likelihood that one of these channels may be the western boundary of Plaintiff's property as legally described.  **I require two months** in order to conduct the historical research to determine the nature of the channel(s)

01822558-2

mentioned above as well as coordinate with Mr. Rodine's expertise to determine the proper

boundaries of Plaintiff's property.


FURTHER AFFIANT SAYETH NAUGHT.

_____
George Chapman Young, Jr., PSM

ATTACHED EXHIBITS:  A, B, C, D, E, F, G & H


STATE OF FLORIDA

COUNTY OF MARTIN

Sworn to and subscribed before me by means of ✓ physical presence or ___ online notarization
this 12 day of ~~July~~ Sept., 2022 by _George C. Young, Jr._____, who is personally known
to me ~~or produced~~ _____ ~~as identification.~~

_____
NOTARY PUBLIC, State of Florida

_Laurie E. Hester_____
NOTARY (print name)

My commission expires

LAURIE E. HESTER
Commission # GG 985197
Expires August 10, 2024
Bonded Thru Troy Fain Insurance 800-385-7019

CFN 20160151491
OR BK 28266 PG 1544
RECORDED 05/02/2016 13:39:08
Palm Beach County, Florida
AMT 10.00
DEED DOC 0.70
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 1544-1546; (3Pgs)

This instrument was prepared by or under the supervision of and after recording return to:

Name: Brenda Fernandez, Esq.
Address: Greenberg Traurig, P.A.
333 SE 2nd Avenue, Miami, FL 33131

Property Appraiser's Parcel
ID #: 56-43-42-22-00-001-0200

(Space Reserved for Clerk of the Court)

## QUIT CLAIM DEED

**THIS QUIT CLAIM DEED** is made the 27th day of April, 2016, between **FANE LOZMAN, TRUSTEE OF THE RENEGADE TRUST DATED FEBRUARY 3, 2014,** ("**Grantor**" or "**First Party**"), whose address is 2913 Ave. F, Riviera Beach, FL 33404, and **FANE LOZMAN**, a single man, ("**Grantee**" or "**Second Party**") whose address is 2913 Ave. F, Riviera Beach, FL  33404.

## W I T N E S S E T H

**GRANTOR**, in consideration of Ten and No/100 Dollars ($10.00) and other good and valuable consideration paid by Grantee, the receipt and sufficiency of which are hereby acknowledged, does hereby remises, releases and quit-claims unto Grantee, and Grantee's heirs, successors and assigns forever, all of the right, title, interest, claim and demand which Grantor has in the following property located in Palm Beach County, Florida ("**Property**"), to-wit:

See **Exhibit "A"** attached hereto and by this reference made a part hereof.

**TOGETHER** with all the tenements, hereditaments, easements and appurtenances thereto belonging or in any way appertaining.

**SUBJECT TO,** taxes and assessments for the current year and subsequent years and easements, restrictions, reservations, limitations and other matters of record, without hereby reimposing the same.

(signatures appearing on following page)

**NOTE TO RECORDER AND TAX EXAMINER: THIS CONVEYANCE IS NOT SUBJECT TO THE PAYMENT OF DOCUMENTARY STAMP TAX PURSUANT TO FLORIDA ADMINISTRATIVE CODE RULE 12B-4.013(28)(e) AS THE PROPERTY BEING CONVEYED IS 100% OF THE GRANTEE'S BENEFICIAL OWNERSHIP INTEREST AS A TRUST BENEFICIARY IMMEDIATELY BEFORE THIS CONVEYANCE.**

*MIA 185258273v2*

EXHIBIT A

CFN 20160151491
BOOK 28266 PAGE 1545
2 OF 3

**IN WITNESS WHEREOF**, Grantor has executed and delivered this Quit Claim Deed the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Witness Signature

_____
Print Name of First Witness

_____
Witness Signature

_____
Print Name of Second Witness

Fane Lozman, Trustee of the Renegade
Trust dated February 3, 2014

STATE OF _FLORIDA_        )

COUNTY OF _MIAMI-DADE_    )

The foregoing instrument was acknowledged before me this _29th_ day of April_, 2016, by Fane Lozman, as Trustee of the Renegade Trust dated February 3, 2014, on behalf of such Trust who is personally known to me or has produced a _Drivers License_ as identification.

(NOTARY SEAL)

V. ALZATE-GARCIA
MY COMMISSION # FF 114833
EXPIRES: April 22, 2018
Bonded Thru Budget Notary Services

_____
Typed Name:
Notary Public-State of Florida
My commission expires on: _____
Commission Number: _____

2

*MIA 185258273v1*

CFN 20160151491
BOOK 28266 PAGE 1546
3 OF 3

## EXHIBIT "A"

## LEGAL DESCRIPTION

A strip of land approximately 300 feet in width from North to South, extending from the Westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two East and West lines, the Northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) North of the South boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the South boundary line of Section 21 in said Township and Range Eastward across the waters of Lake Worth and the land lying between Lake Worth and the Westerly right-of-way line of State road 703 to said Westerly right-of-way of State Road 703; and the Southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) South of the North line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the North and South boundary lines of the above described tract when produced West to the channel of Lake Worth.

3

# TITLE SEARCH REPORT

***Fund File Number***: 1265094

*The information contained in this title search is being furnished by Attorneys' Title Fund Services, LLC. If this report is to be used by a title insurance agent for evaluation and determination of insurability by the agent prior to the issuance of title insurance, then the agent shall have liability for such work.*

***Provided For:*** Lewis Longman & Walker, P.A.          ***Agent's File Reference:*** City of Riviera Beach

*After an examination of this search the Agent must:*

*A.     Evaluate all instruments, plats and documents contained in the report.*

*B.     Include in the Commitment under Schedule B, any additional requirements and/or exceptions you find necessary from your analysis of the surveys, prior title evidence or other relevant information from the transaction.*

*C.     Verify the status of corporations and limited partnerships and other business entities with the appropriate governmental agency or other authority.*

*D.     Determine whether the property has legal access.*

*E.     Determine if any unpaid municipal taxes or assessments exist, which are not recorded in the Official Records Books of the county.*

*F.     Determine whether any portion of the property is submerged or artificially filled, if the property borders a body of water, and if riparian or littoral rights exist.*

*G.     The information provided herein does not include a search of federal liens and judgment liens filed with the Florida Department of State pursuant to Sec. 713.901, et seq., F.S., and Sec. 55.201, et seq., F.S., respectively, which designate the Florida Department of State as the place for filing federal liens and judgment liens against personal property. For insuring purposes:*

> *(a)     Pursuant to Sec. 713.901, et seq., F.S., personal property includes, but is not limited to, mortgages, leaseholds, mortgages on leaseholds, interests in cooperative associations, vendees' interests, and options when those interests are held by a partnership, corporation, trust or decedent's estate; and*

> *(b)     Pursuant to Sec. 55.201, et seq., F.S., personal property includes, but is not limited to, leaseholds, interests in cooperative associations, vendees' interests, and options regardless of the type of entity holding such interests, including individuals. (Note: Mortgages have been specifically excluded from the personal property interests in which a judgment lien may be acquired under the provisions of Sec. 55.201, et seq., F.S.)*

*Prepared Date:* July 18, 2022                          *Attorneys' Title Fund Services, LLC*

***Prepared by:*** William Snyder, Commercial Examiner
***Phone Number:*** (800) 515-0155 x6406
***Email Address:*** BSnyder@TheFund.com

# TITLE SEARCH REPORT

*Fund File Number*: 1265094

*Effective Date of approved base title information:*  January 1, 1900

*Effective Date of Search:*  July 6, 2022 at 11:00 PM

*Apparent Title Vested in:*

Fane Lozman

*Description of real property to be insured/foreclosed situated in Palm Beach County, Florida.*

See Exhibit A

*Muniments of Title, including bankruptcy, foreclosure, quiet title, probate, guardianship and incompetency proceedings, if any, recorded in the Official Records Books of the county:*

1. Patent from United States of America to John Brelsford, recorded April 18, 1889 in Deed Book C, Page 417, Public Records of Dade County, Florida.

2. Warranty Deed from Trustees of the Internal Improvement Fund of the State of Florida to The Lake Worth Realty Company, recorded May 9, 1924 in Deed Book 205, Page 82, Public Records of Palm Beach County, Florida.

3. Deed from Trustees of the Internal Improvement Fund of the State of Florida to R. M. Hart, recorded January 18, 1941 in Deed Book 621, Page 17, Public Records of Palm Beach County, Florida.

4. Warranty Deed from R. M. Hart and Maud Hart to Paul Deam, recorded February 5, 1941 in Deed Book 622, Page 77, Public Records of Palm Beach County, Florida. (1/2 Interest)

5. Warranty Deed from R. M. Hart and Maud Hart and Paul Deam and Elsie Deam to Alan Nelson Jenkins, recorded April 9, 1941 in Deed Book 626, Page 445, Public Records of Palm Beach County, Florida.

6. Warranty Deed from Edward E. Jenkins to Lex Securities Corporation, recorded July 13, 1945 in Deed Book 723, Page 91, Public Records of Palm Beach County, Florida.

7. Quit Claim Deed from Alan Nelson Jenkins to Lex Securities Corporation, recorded July 13, 1945 in Deed Book 723, Page 93, Public Records of Palm Beach County, Florida.

8. Warranty Deed from Alan Nelson Jenkins and Barbara H Jenkins to Donald A. MacDonald and Omah B. MacDonald, recorded January 26, 1948 in Deed Book 834, Page 172, Public Records of Palm Beach County, Florida.

9. Warranty Deed from Lex Securities Corporation to Donald A. MacDonald and Omah B. MacDonald, recorded February 2, 1948 in Deed Book 834, Page 574, Public Records of Palm Beach County, Florida.

10. Warranty Deed from Donald A. MacDonald and Omah B. MacDonald to Donald A. MacDonald and Omah B. MacDonald, recorded October 10, 1958 in O.R. Book 250, Page 561, Public Records of Palm Beach County, Florida.

11. Quit Claim Deed from Omah B. MacDonald, the unremarried widow of Donald A. MacDonald to Donald A. MacDonald, Jr. and Omah M. Kiser, recorded December 30, 1968 in O.R. Book 1693, Page 495, Public Records of Palm Beach County, Florida.

# TITLE SEARCH REPORT

*Fund File Number*: 1265094

12.  In Re: Estate of Donald A. MacDonald, Jr., deceased: Order Authorizing Sale of Submerged Land under Case No. 90-1935, Circuit Court for Palm Beach County, Florida, Probate Division recorded in O.R. Book 7109, Page 1220, Public Records of Palm Beach County, Florida.

13.  Personal Representative's Deed from Marion C. MacDonald, as Personal Representative of the Estate of Donald A. MacDonald, Jr., deceased to Omah Kiser, recorded February 12, 1992 in O.R. Book 7119, Page 1958, Public Records of Palm Beach County, Florida. Personal Representative's Deed re-recorded in O.R. Book 7129, Page 492, Public Records of Palm Beach County, Florida.

14.  Warranty Deed from Omah Kiser to Fane Lozman, Trustee of the Renegade Trust, dated 2/3/14, recorded February 25, 2014 in O.R. Book 26631, Page 1846, Public Records of Palm Beach County, Florida.

15.  Quit Claim Deed from Fane Lozman, Trustee of the Renegade Trust dated February 3, 2014 to Fane Lozman, recorded May 2, 2016 in O.R. Book 28266, Page 1544, Public Records of Palm Beach County, Florida.

*Mortgages, Assignments and Modifications:*

1.  Nothing Found

*Other Property Liens:*

1.  General or special taxes and assessments required to be paid for the year(s) 2022.

2.  FOR INFORMATIONAL PURPOSES ONLY: 2021 taxes were paid under receipt number B22.515436, on March 27, 2022, Parcel/Account ID No. 56-43-42-22-00-001-0200, the gross amount being $1633.56.

*Restrictions/Easements:*

1.  Any lien provided by County Ordinance or by Chapter 159, F.S., in favor of any city, town, village or port authority, for unpaid service charges for services by any water systems, sewer systems or gas systems serving the land described herein; and any lien for waste fees in favor of any county or municipality.

2.  Rights of the lessees under unrecorded leases.

3.  Reservations in favor of the State of Florida, as set forth in the Deed from the Trustees of the Internal Improvement Fund of the State of Florida, recorded in Deed Book 205, Page 82, Public Records of Palm Beach County, Florida.

4.  Amended Ordinance No. 1041 dated December 18, 1974 by the City of Riviera Beach establishing the City of Riviera Beach Bulkhead Line.

# TITLE SEARCH REPORT

*Fund File Number*: 1265094

5. Subject to the Right-of-Way of State Road 703 as now laid out and in use and as shown on Road Plat Book 1, Page 21 and Road Plat Book 6, Page 11, Public Records of Palm Beach County, Florida.

6. Riparian and littoral rights are not insured.

7. The right of the United States Government, in the interest of navigation and commerce, to regulate any portion of the Land that was formerly submerged by navigable waters.

8. Possible right of the public to use that part of the land between the water's edge and the apparent boundary of the upland parcel that is now, or was formerly, regularly used by the public for recreational purposes.

9. Rights of others to use, and rights of the State of Florida and United States governments to regulate the navigable waters covering the Land.

10. Despite any language herein to the contrary, this product may not be used for the issuance of a Title Commitment or Policy without prior approval from The Fund's Underwriting Department.

11. Completed IRS Currency Transaction Report (CTR) or proof that the subject transaction is exempt from the most recent FinCEN Geographic Targeting Order. The issuing agent may remove this requirement for the transaction if title is taken in the name(s) of a natural person or a trust OR if this transaction is a financed acquisition by a bank loan or other similar form of institutional financing. Within 30 days of the closing date, the issuing agent shall electronically file the CTR in the Department of Treasury BSA E-Filing System portal at https://bsaefiling.fincen.treas.gov and submit a copy of the CTR along with confirmation of its filing to The Fund at FinCENconfirm@TheFund.com.

*Other Encumbrances:*

1. Consent Final Judgment against Fane Lozman recorded in O.R. Book 33680, Page 1456, Public Records of Palm Beach County, Florida.

## REAL PROPERTY TAX INFORMATION ATTACHED

*Proposed Insured:*

*N/A*

## STANDARD EXCEPTIONS

*Unless satisfactory evidence is presented to the agent eliminating the need for standard exceptions, the following should be made a part of any commitment or policy.*

## TITLE SEARCH REPORT

*Fund File Number*: 1265094

1.  *General or special taxes and assessments required to be paid in the year 2022 and subsequent years.*

2.  *Rights or claims of parties in possession not shown by the public records.*

3.  *Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.*

4.  *Easements or claims of easements not shown by the public records.*

5.  *Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.*

6.  *Any owner policy issued pursuant hereto will contain under Schedule B the following exception: Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.*

7.  *Federal liens and judgment liens, if any, filed with the Florida Department of State pursuant to Sec. 713.901, et seq., F.S., and Sec. 55.201, et seq., F.S., respectively, which designate the Florida Department of State as the place for filing federal liens and judgment liens against personal property. For insuring purposes:*

    (a) *Pursuant to Sec. 713.901, et seq., F.S., personal property includes, but is not limited to, mortgages, leaseholds, mortgages on leaseholds, interests in cooperative associations, vendees' interests, and options when those interests are held by a partnership, corporation, trust or decedent's estate; and*

    (b) *Pursuant to Sec. 55.201, et seq., F.S., personal property includes, but is not limited to, leaseholds, interests in cooperative associations, vendees' interests, and options regardless of the type of entity holding such interests, including individuals. (Note: Mortgages have been specifically excluded from the personal property interests in which a judgment lien may be acquired under the provisions of Sec. 55.201, et seq., F.S.)*

8.  *Any lien provided by County Ordinance or by Chapter 159, Florida Statutes, in favor of any city, town, village or port authority, for unpaid service charges for services by any water systems, sewer systems or gas systems serving the land described herein; and any lien for waste fees in favor of any county or municipality.*

*The report does not cover bankruptcies or other matters filed in the Federal District Courts of Florida.*

*In foreclosure proceedings, title should be examined between the effective date of this report and the recording of the lis pendens to assure that all necessary and proper parties are joined. Consideration should be given to joining as defendants any persons in possession, other than the record owner, and any parties, other than those named herein, known to the plaintiff or the plaintiff's attorney and having or claiming an interest in the property.*

# TITLE SEARCH REPORT

*Fund File Number*:  1265094

*Prior to issuance of any policy of title insurance underwritten by Old Republic National Title Insurance Company, the agent must obtain and evaluate a title search for the period between the effective date of this Title Search Report and the recording date(s) of the instrument(s) on which the policy is based.*

*If this product is not used for the purpose of issuing a policy, then the maximum liability for incorrect information is $1,000.*

*Note:  The Agent is responsible for obtaining underwriting approval on any commitment prepared from this product in the amount of $1,000,000.00 or more.*

# TITLE SEARCH REPORT
## Exhibit A

***Fund File Number***: 1265094

A strip of land approximately 300 feet in width from North to South, extending from the Westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two East and West lines, the Northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) North of the South boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the South boundary line of Section 21 in said Township and Range Eastward across the waters of Lake Worth and the land lying between Lake Worth and the Westerly right-of-way line of State Road 703 to said Westerly right-of-way of State Road 703, and the Southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) South of the North line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the North and South boundary lines of the above described tract when produced West to the channel of Lake Worth.

Rev. 12/10

**Page 7 of 7**

**ANNE M. GANNON**
CONSTITUTIONAL TAX COLLECTOR
*Serving Palm Beach County*

Serving *you.*

Anne M. Gannon
Constitutional Tax Collector
Serving Palm Beach County
P.O. Box 3353
West Palm Beach, FL 33402-3353

Account Detail

Search Results View Assessment Data

### Account Information

| Property Control Number | Property Type | Last Update |
|---|---|---|
| 56-43-42-22-00-001-0200 | Real Property | 4/28/2022 4:23:38 AM |

| | |
|---|---|
| Mailing Address:<br>LOZMAN FANE<br>2913 AVENUE F<br>RIVIERA BEACH , FL 33404-3723 | Property Address:<br>5101 N OCEAN DR<br>RIVIERA BEACH FL 33404 |
| Owner of Record<br>LOZMAN FANE | Deed Number:<br>0 |

Legal Description

22/23-42-43, N 300 FT OF S 3464.8 FT OF GOV LT 1 LYG W OF SR 703 & SUBMRG LANDS LYG BET N & S BOUNDARIES

### Notice to Tax Payer

## Tax Bill Information

To pay online, click the ADD TO CART button in the orange Shopping Cart (upper right side of screen).

 = Indicates taxes are not payable online.

= Indicates contact our office for additional information.

Real Estate and Tangible Personal Property Taxes not paid by April 1 are delinquent. Delinquent Real Estate Taxes are not payable online.

Interest and associated costs for delinquent taxes are determined by the date payment is received to the Tax Collector. A minimum charge of 3% is collected. Interest accrues up to 1.5% per month (18% annually).

**Please Note:**
Once you enter your bank routing and account number and submit payment, our system will verify your entry.

If the account information results in an error message (see below) you will have additional opportunities to re-enter the correct routing and/or account number.



If errors continue, please call our vendor Microbilt* using the phone number provided in the error message.

*Microbilt can only assist with issues related to ACH/Bank account payments. For all other issues/inquiries, please contact the Palm Beach County Tax Collector at 561-355-2264.

## Bill Type

Original Tax Bill = Original tax bill amount due in March.

Certificate = Unpaid certificate (AMOUNT DUE) indicates a tax lien exists. Within two tax years this property may be sold at auction to collect unpaid taxes. Click on bill year for more information.

Agency Certificate = Indicates a certificate was assigned to Palm Beach County.

**Frequently Asked Questions**

---

**Tax Bills**

| Bill Year | Bill Type | Bill Number | Gross Tax | Penalty/Fees | Interest | Discount | Amount Due |
|-----------|-----------|-------------|-----------|--------------|----------|----------|------------|
| 2021 | Original Tax Bill | 101513772 | $1,633.56 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | Original Tax Bill | 101514276 | $91.23 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | Original Tax Bill | 101515686 | $77.57 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | Original Tax Bill | 101516447 | $75.65 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | Original Tax Bill | 101517740 | $76.66 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | Original Tax Bill | 101518794 | $637.85 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | Original Tax Bill | 101508745 | $655.18 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | Original Tax Bill | 101519324 | $675.20 | $0.00 | $0.00 | $0.00 | $0.00 |

**ANNE M. GANNON**
CONSTITUTIONAL TAX COLLECTOR
*Serving Palm Beach County*

Serving *you.*

Anne M. Gannon
Constitutional Tax Collector
Serving Palm Beach County
P.O. Box 3353
West Palm Beach, FL 33402-3353

## Collection Cart

| 🛒 Collection Cart | Items | Total | Checkout | View |
|---|---|---|---|---|

## Tax Account

| Property Control Number | Property Type | Status |
|---|---|---|
| 56-43-42-22-00-001-0200 | Real Property | Active |

**Mailing Address:**
LOZMAN FANE
2913 AVENUE F
RIVIERA BEACH , FL 33404-3723
Geo CD:

**Property Address:**
5101 N OCEAN DR
RIVIERA BEACH FL 33404

**Deed Number:**
0

**Legal Description**

22/23-42-43, N 300 FT OF S 3464.8 FT OF GOV LT 1 LYG W OF SR 703 & SUBMRG LANDS LYG BET N & S BOUNDARIES

## Tax & Assessment

| Ad Valorem | Gross Tax | Credit | Net Tax | Savings |
|---|---|---|---|---|
| CITY OF RIVIERA BEACH | $633.90 | $0.00 | $633.90 | $0.00 |
| COUNTY | $361.12 | $0.00 | $361.12 | $0.00 |
| SO FLA WATER MANAGEMENT DIST. | $19.30 | $0.00 | $19.30 | $0.00 |
| SCHOOL | $515.63 | $0.00 | $515.63 | $0.00 |
| CHILDRENS SERVICES COUNCIL | $46.75 | $0.00 | $46.75 | $0.00 |
| F.I.N.D. | $2.40 | $0.00 | $2.40 | $0.00 |
| PBC HEALTH CARE DISTRICT | $54.46 | $0.00 | $54.46 | $0.00 |
| Sub Total | **$1,633.56** | **$0.00** | **$1,633.56** | **$0.00** |
| Total Tax | **$1,633.56** | **$0.00** | **$1,633.56** | **$0.00** |

## Tax Installment

| Period | Bill Number | Due Date | Bill Year | Tax | Discount | Penalty/Fee | Interest | Total Due |
|---|---|---|---|---|---|---|---|---|
| INST 1 | 101513772 | 3/31/2022 | 2021 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | **Total Due:** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

## Notice to Tax Payer

### Tax Certificates

Property Tax Help

Payments made between 5/31 – 6/7 of any year indicates the purchase of a Tax Certificate for delinquent taxes. Tax Certificate purchase(s) ARE **NOT** a payment of taxes. "Paid By" information displays the name of the Tax Certificate purchaser.

If a bill number begins with a year (i.e. 2020-001234), a Tax Certificate was sold for delinquent property taxes. The amount due is shown above in the "Tax Installment" section under the Total Due column.

** This Icon 🔨 indicates delinquent taxes and the tax bill cannot be paid on-line at this time. It may also indicate a recent TDA where additional fees are required. Contact our office at 561-355-2264 or email ClientAdvocate@pbctax.com for

additional details.

<u>Print</u>

**Tax Payment**

| Bill Year | Bill Number | Receipt Number | Amount Paid | Last Paid | Paid By |
|-----------|-------------|----------------|-------------|-----------|---------|
| 2021 | 101513772 | B22.515436 | $1,633.56 | 3/27/2022 | Fane Lozman |

COUNTY OF PALM BEACH: NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

| PROPERTY CONTROL NO. | YEAR | BILL NO. | CMC | APPLIED EXEMPTION(S) | LEGAL DESCRIPTION |
|---|---|---|---|---|---|
| 56-43-42-22-00-001-0200 | 2021 | 101513772 | 40 | | 22/23-42-43, N 300 FT OF S 3464.8 FT OF GOV LT 1 LYG W OF SR 703 & SUBMRG LANDS LYG BET N & S BOUNDARIES |



LOZMAN FANE
2913 AVENUE F
RIVIERA BEACH FL 33404-3723



ANNE M. GANNON
CONSTITUTIONAL TAX COLLECTOR
Serving Palm Beach County
Serving you.
www.pbctax.com @TAXPBC

## 2021 VAB REAL ESTATE PROPERTY TAX BILL

| | AD VALOREM TAXES | | | | | |
|---|---|---|---|---|---|---|
| TAXING AUTHORITY | TELEPHONE | ASSESSED | EXEMPTION | TAXABLE | MILLAGE | TAX AMOUNT |
| COUNTY | 561-355-3996 | 75,000 | | 75,000 | 4.7815 | 358.61 |
| COUNTY DEBT | 561-355-3996 | 75,000 | | 75,000 | 0.0334 | 2.51 |
| CITY OF RIVIERA BEACH | 561-845-4040 | 75,000 | | 75,000 | 8.4520 | 633.90 |
| CHILDRENS SERVICES COUNCIL | 561-740-7000 | 75,000 | | 75,000 | 0.6233 | 46.75 |
| F.I.N.D. | 561-627-3386 | 75,000 | | 75,000 | 0.0320 | 2.40 |
| PBC HEALTH CARE DISTRICT | 561-659-1270 | 75,000 | | 75,000 | 0.7261 | 54.46 |
| SCHOOL LOCAL | 561-434-8837 | 75,000 | | 75,000 | 3.2480 | 243.60 |
| SCHOOL STATE | 561-434-8837 | 75,000 | | 75,000 | 3.6270 | 272.03 |
| SFWMD EVERGLADES CONST PROJECT | 561-686-8800 | 75,000 | | 75,000 | 0.0365 | 2.74 |
| SO FLA WATER MANAGEMENT DIST. | 561-686-8800 | 75,000 | | 75,000 | 0.1061 | 7.96 |
| SO FLA WATER MGMT - OKEE BASIN | 561-686-8800 | 75,000 | | 75,000 | 0.1146 | 8.60 |

TOTAL AD VALOREM 1,633.56

| READ REVERSE SIDE BEFORE CALLING | NON-AD VALOREM ASSESSMENTS | READ REVERSE SIDE BEFORE CALLING | |
|---|---|---|---|
| LEVYING AUTHORITY | TELEPHONE | RATE | AMOUNT |

TOTAL NON-AD VALOREM 0.00
TOTAL AD VALOREM AND NON-AD VALOREM COMBINED 1,633.56

DETACH HERE **SEE REVERSE SIDE FOR INSTRUCTIONS AND INFORMATION** DETACH HERE

## COUNTY OF PALM BEACH: NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

| PROPERTY CONTROL NO. | YEAR | BILL NO. |
|---|---|---|
| 56-43-42-22-00-001-0200 | 2021 | 101513772 |

PAYMENT IS DUE FOR ALL VAB FILINGS. NO EXCEPTIONS.

LOZMAN FANE
2913 AVENUE F
RIVIERA BEACH FL 33404-3723

20211015137720001225176

LEGAL DESCRIPTION
22/23-42-43, N 300 FT OF S 3464.8 FT OF
GOV LT 1 LYG W OF SR 703 & SUBMRG
LANDS LYG BET N & S BOUNDARIES

P.O. BOX 3353
WEST PALM BEACH, FL 33402-3353

MAKE PAYMENT TO:
TAX COLLECTOR, PALM BEACH COUNTY

| AMOUNT DUE WHEN RECEIVED BY | | | | | |
|---|---|---|---|---|---|
| NOV 30, 2021 | DEC 31, 2021 | JAN 31, 2022 | FEB 28, 2022 | MAR 31, 2022 | TAXES ARE DELINQUENT APRIL 1, 2022 |
| $1,176.16 | $1,188.41 | $1,200.68 | $1,212.92 | $1,225.17 | |
| 4% | 3% | 2% | 1% | NO DISCOUNT | |

DETACH HERE **SEE REVERSE SIDE FOR INSTRUCTIONS AND INFORMATION** DETACH HERE
2021 VAB REAL ESTATE PROPERTY TAX BILL

## COUNTY OF PALM BEACH: NOTICE OF AD VALOREM TAXES AND NON-AD VALOREM ASSESSMENTS

| PROPERTY CONTROL NO. | YEAR | BILL NO. |
|---|---|---|
| 56-43-42-22-00-001-0200 | 2021 | 101513772 |

PAYMENT IS DUE FOR ALL VAB FILINGS. NO EXCEPTIONS.

LOZMAN FANE
2913 AVENUE F
RIVIERA BEACH FL 33404-3723

20211015137720001633569

LEGAL DESCRIPTION
22/23-42-43, N 300 FT OF S 3464.8 FT OF
GOV LT 1 LYG W OF SR 703 & SUBMRG
LANDS LYG BET N & S BOUNDARIES

P.O. BOX 3353
WEST PALM BEACH, FL 33402-3353

MAKE PAYMENT TO:
TAX COLLECTOR, PALM BEACH COUNTY

| AMOUNT DUE WHEN RECEIVED BY | | | | | |
|---|---|---|---|---|---|
| NOV 30, 2021 | DEC 31, 2021 | JAN 31, 2022 | FEB 28, 2022 | MAR 31, 2022 | TAXES ARE DELINQUENT APRIL 1, 2022 |
| $1,568.22 | $1,584.55 | $1,600.90 | $1,617.22 | $1,633.56 | |
| 4% | 3% | 2% | 1% | NO DISCOUNT | |

VAB RE BILL 10/07/2021                                                    2021 VAB REAL ESTATE PROPERTY TAX BILL

(KEEP THIS PORTION FOR YOUR RECORDS)

**VAB PETITIONERS - IMPORTANT INSTRUCTIONS**

**PALM BEACH COUNTY**
**CONSTITUTIONAL TAX COLLECTOR**
*Serving Palm Beach County*
Serving *you.*
www.pbctax.com | in 🐦 ▶ ⓞ @TAXPBC

## 2021 VALUE ADJUSTMENT BOARD REAL ESTATE PROPERTY TAX BILL

This bill includes AD VALOREM TAXES and NON-AD VALOREM ASSESSMENTS for the current tax year. Discounts are shown on the front of this bill.

### VAB REAL ESTATE PROPERTY TAX PAYMENT

- VAB payment must be made in full and in U.S. funds.
- Payment must be received in our office by the due date printed on the front of this bill.
- Payment is subject to verification and receipt of funds. A fee is applied for dishonored funds.
- For the latest requirements when visiting our office in-person, visit www.pbctax.com.

### PAYMENT OPTIONS

**REGARDLESS OF THE OUTCOME OF YOUR VAB HEARING, ALL TAXES REQUIRED BY YOUR VAB PAYMENT OPTION MUST BE PAID IN FULL BY MARCH 31 TO AVOID PENALTIES (PER FLORIDA STATUTE 194.014).**

- **ECHECK** (Online Only) 24/7 at www.pbctax.com. eCheck is FREE (email transaction notice serves as confirmation).
- **CREDIT/DEBIT CARD** A 2.4% Convenience Fee Will Apply ($2.00 minimum). Convenience fees are collected by the credit/debit card vendor and not retained by our office (email transaction notice serves as online receipt).
- **BANK ONLINE BILL PAY** Use your bank's bill pay service. Enter the 17-digit Property Control Number (no dashes) as account number. Mail delivery and bank processing times vary. Please allow ample time (confirmation from your bill pay service serves as receipt).
- **DROP OFF BOX** At any service center from 8:15 AM to 5:00 PM, Monday - Friday (canceled check serves as receipt).
- **MAIL** Detach the stub below and return with payment. DO NOT TAPE, FOLD, STAPLE, PAPER CLIP OR WRITE ON PAYMENT STUB. Write your 17-digit Property Control Number on your payment. Use the enclosed return envelope with the Tax Collector address showing in the return envelope window (canceled check serves as receipt).
- **WIRE TRANSFER** Visit our website at www.pbctax.com/wires for instructions.

### DELINQUENT TAX INFORMATION

**FLORIDA STATUTE 197.402 and 197.432: Tax Certificates will be sold on all unpaid property taxes 60 days after the date of delinquency.**

- AD VALOREM TAXES and NON-AD VALOREM ASSESSMENTS are delinquent APRIL 1.
- The minimum charge of 3% will be collected. Interest accrues up to 1.5% per month (18% annually).
- Interest and associated costs for delinquent taxes are determined by the date payment is received. Postmark date is not proof of payment.
- Payment AFTER THE DATE OF DELINQUENCY must be paid by certified funds or the payment will be returned. Certified funds include funds drawn on a U.S. bank in cash, bank draft, wire transfer, money order or cashier's check.

### QUESTIONS

**Constitutional Tax Collector**
Prepares and mails TAX BILLS. For answers to most questions, visit www.pbctax.com, email ClientAdvocate@pbctax.com or call 561-355-2264.

**Note:** *If this property was sold, please notify us at www.pbctax.com/propertysold and complete a Property Tax Contact Form.*

**Property Appraiser**
Prepares the AD VALOREM TAX ROLL. For questions about assessed value, exemptions, taxable value, assessed owner's name, address and legal description, call 561-355-2866.

**Taxing Authorities**
Set the AD VALOREM MILLAGE RATES. See telephone numbers listed on front of bill for questions about assessment amounts and services provided.

**Levying Authorities**
Determine the NON-AD VALOREM ASSESSMENTS. See telephone numbers listed on front of bill for questions about assessment amounts and services provided.

---

(DETACH HERE)
## DO NOT TAPE, FOLD, STAPLE, PAPER CLIP OR WRITE ON THIS PAYMENT STUB
## TO AVOID PAYMENT PROCESSING DELAYS



INCLUDE THIS STUB WITH PAYMENT

Make payment to:
**Tax Collector, Palm Beach County**

Please include the 17-digit Property Control Number on your payment. Place this stub and your payment in the enclosed return envelope. The Constitutional Tax Collector's address must show in the return envelope window.

---

(DETACH HERE)
## DO NOT TAPE, FOLD, STAPLE, PAPER CLIP OR WRITE ON THIS PAYMENT STUB
## TO AVOID PAYMENT PROCESSING DELAYS



INCLUDE THIS STUB WITH PAYMENT

Make payment to:
**Tax Collector, Palm Beach County**

Please include the 17-digit Property Control Number on your payment. Place this stub and your payment in the enclosed return envelope. The Constitutional Tax Collector's address must show in the return envelope window.

1

82

(N. P. Seal)

Harriet Brumbarger
Notary Public, State of Florida
My commission expires, [illegible]

Filed: april 16" at 10:30 A.M. 1924.
Recorded: May 23" 1924 in Deed.
Book: 206 Page: 77
Jno E. Ennis
Clerk Circuit Court.

Internal Improvement fund, State of Florida.
Deed No. 17, 146.

Whereas, the undersigned, the trustees of the Internal Improvement Fund of the state of Florida, have under and by virtue of the authority vested in them by chapter 7304, of the acts of 1917, Laws of Florida, given notice by publication in the Palm Beach Post, a news paper published in the County of Palm Beach, state of Florida, in which the lands hereinafter described are located, once each week for five consecutive weeks that they would on November 16th A. D. 1923, hold a meeting for the purpose of considering the sale of the lands hereinafter described, in order that any person or persons who had objections thereto might have opportunity to present the same, as provided for by statute; and,

Whereas, it has been made to appear to the trustees that said land is of the character and situated as to come within the terms of said act, no objection having been offered to such sale, and a satisfactory offer having been received therefor, now

Know all men by these presents that the trustees of the Internal improvement fund of the state of Florida under and by virtue of the authority vested in and conferred upon them by the provisions of chapter 7304, Laws of Florida, acts of 1917, for and in consideration of the sum of six thousand two hundred thirty-four and no/100 dollars ($6,234.00) to them in hand paid by Lake Worth Realty Company, a corporation organized and existing under the laws of the state of Colorado and authorized to do business in the State of Florida, have granted, bargained and sold, and do by these presents grant, [illegible]

83

and convey unto the said Lake Worth Realty Company, its successors, legal representatives or assigns the following described land situate lying and being in the county of Palm Beach, State of Florida, to wit:

The parcels, tract, or shallow banks in Lake Worth in sections 22 and 15, township 42 south, Range 43 east and further described as follows:

Tract number 1.

Beginning at the southeast corner of section 22, township 42 south, Range 43 east, as established by William J. Reyes, deputy United States surveyor, in October, 1858, and recorded on the United States Government plat approved November 9, 1859, which corner is also the meander corner on the shore of Lake Worth, as shown by said plat, thence following the meander of the shore of Lake Worth by the traverse as shown and recorded on the above mentioned plat north 16 degrees west 99 feet; thence north 5 degrees east 2310 feet; thence north 14 degrees west 2112 feet to the section line between sections 22 and 15; thence west along said section line, 1560 length 435 feet, thence north 26 degrees 30 minutes east 630 feet; thence south 14 degrees 30 minutes west 2000 feet; thence south 5 degrees west 2500 feet to a point at the south end section line, east of the point of beginning; thence east 560 feet, more or less, to the point of beginning, containing 221.69 acres, more or less in said section 22, township 42 south, Range 43 east and also all those pieces or parcels of submerged, over flowed and filled in lands and lands which have formed by accretion lying between the tract of land recited above described and the contra shore or high water mark of Lake Worth, and.

Tract number 2.

Beginning at the meander corner on the eastern shore of Lake Worth on the section line between sections 22 and 15, as shown by the above described United States Government survey, being of

84

west 1299 feet; thence north 19 degrees west 400 feet;
thence west 1870 feet; thence south 482 feet; thence
east 450 feet; thence south 48 degrees 30 minutes east 440
feet; thence south 60 degrees east 900 feet; thence south
1400 feet; thence south 20 degrees 30 minutes east 1600 feet
to a point on the section line west of the point of beg-
inning; thence east along the section line between
said sections 16 and 22, if prolonged, 930 feet, more or less,
to the point of beginning, containing 90.11 acres, more
or less, in or abutting section 16, township 42 south,
range 43 east.

The two parcels containing a total of 311.21 acres,
more or less.

To Have and To Hold the above described property to
the said Lake Worth Realty Company and its succ-
essors, legal representatives and assigns, forever.

Saving and reserving unto the said, the trustees
of the Internal Improvement fund of Florida,
their successors, an undivided three fourth
terest in and title in and to an undivided three
fourth interest in all the phosphate, min-
and metals that are or may be in, on or under
the said above described land, with the right
and privilege to mine and develop the same.

And further saving and reserving, unto the
said, the trustees of the Internal Improvement
fund of Florida; and their successors, an un-
divided one-half interest in and title in and
an undivided one half interest in all the pet-
roleum that is or may be in, on or under the
said above described land, with the privilege to
mine and develop the same.

In testimony whereof, the said trustees have
hereunto subscribed their names and affixed their
seals, and have caused the seal of The Department
of agriculture of the state of Florida to be
unto affixed, at the capitol in the city of Tall-
ahassee, on this 22nd day of April A. D. ninteen hun-
dred and twenty-four.            Cary A. Nerdeer

85

Livery Buford (Seal)
Nathan Mays (Seal)
commissioner of agriculture.

Filed: May 9" at 2:50 P. M. 1924.
Recorded: May 26" 1924 in Deed.
Book 205 Page 82.
Fred C. Timms.
Clerk Circuit Court

D
, 4 , R43

This Indenture, made this 2d day of January in the
year of our Lord one thousand nine hundred and twenty
four (1924) between R. H. Ball (a single man) of the
county of Columbia state of Oregon, party of the first
part and Peter Cone of Pahokee of the county of Palm
Beach state of Florida part of the second part:
Witnesseth, That the said of the first part, for and
in consideration of the sum of ten dollars and other
valuable consideration dollars, lawful money of the
United States of America, to me in hand paid by the said
part of the second part at or before the ensealing and
delivery of these presents, the receipt whereof is hereby ac-
knowledged have granted, bargained, sold, conveyed and
by these presents do grant, bargain, sell, convey and
confirm, unto the said party of the second part and to
their and assigns forever, all the following tract of
land, situate lying and being in the county of Palm
Beach and state of Florida, and described as follows:
North half of lot twenty-four (24), in subdivision
by State survey, in section twenty - three (23), town-
ship forty four (44), South, Range thirty six (36) East
Containing eight and one half acres, more or less.
Together with all and singular the tenements,
hereditaments and appurtenances thereunto belonging or
appertaining; and every right, title or interest, legal
or equitable of the said party of the first part, of, in
and to the same.
To Have and to Hold the same unto the said party
of the second part and heirs and assigns to their own
proper use, benefit and behoof



PALM BEACH COUNTY

WHEREAS, Under and by virtue of the provisions of Section 2 of Chapter 10186, Laws of Florida, Acts of 1937, title to certain lands...

| CD | No. | Date | Description | Sec. | Twp. | Rge. | Acres |
|---|---|---|---|---|---|---|---|
| | 23935 | 8-7-'33 | Part of Sec 22 as in D B 205 P 52 (less S 2850') | 22 | 42 | 43 | 53 |

(3)   AND WHEREAS, In strict compliance with Section 5 of Chapter 10186, Laws of Florida, Acts of 1937, and pursuant to notice given by said Trustees of the Internal Improvement Fund of the State of Florida, on the 26th day of February 19 40, in the County of Palm Beach the land referred to by the certificate 2 was offered for sale and bids were received, and the said Trustees adjudged the bid of R. M. Hart to be the highest and best bid for cash therefor, and awarded the sale of said land to said bidder, Now, Therefore,

KNOW ALL MEN BY THESE PRESENTS; That the State of Florida by and through the Trustees of the Internal Improvement Fund of the State of Florida, in strict compliance with Section 9 of Chapter 10186, Laws of Florida, Acts of 1937, for and in consideration of the amount of Twenty & 00/100 - - - Dollars, ($20.00) to it in hand paid by R. M. Hart of the City of West Palm Beach County of Palm Beach State of Florida the receipt of which is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto the said R. M. Hart his heirs, successors and assigns, the following described land, situate lying and being in the County of Palm Beach State of Florida, and more particularly described as follows:

(4)   Part of Sec 22 as in D B 205 P 52 (less S 2850')   Section 22 Township 42 South Range 43 East   53 Acres

This instrument was filed for Record at 10 A.M. 18 day of January 1941 and recorded in Deed Book 621 Page 17   Record verified  J. Alex Arnette, Clerk Circuit Court, Palm Beach County, Fla.  By _____ Deputy Clerk

(5)   TO HAVE AND TO HOLD the above granted premises unto the said R. M. Hart and his heirs, successors and assigns in fee simple forever.

IN TESTIMONY WHEREOF the said Trustees of the Internal Improvement Fund of the State of Florida, have hereunto subscribed their names and affixed the official seal of the said Trustees, and have caused the seal of the Department of Agriculture of the State of Florida to be hereunto affixed, at the Capitol, in the City of Tallahassee, on the 26th day of August 19 40.

STATE OF FLORIDA
BY: _____ (SEAL)
GOVERNOR
_____ (SEAL)
COMPTROLLER
_____ (SEAL)
TREASURER
_____ (SEAL)
ATTORNEY GENERAL
_____ (SEAL)
COMMISSIONER OF AGRICULTURE

As and constituting the Trustees of the Internal Improvement Fund of the State of Florida

**4**

WARRANTY DEED                    DREW'S FORM R. E. 4                Manufactured and for sale by The R. & W. B. Drew Company

DEED **622** PAGE **77**

**This Indenture,** Made this **3RD** day of **February** , A. D. 19 **41**.

**Between** R. M. Hart and wife Maud Hart, his wife

of the County of **Palm Beach** and State of **Florida**
part **ies** of the first part, and **Paul Deen**
whose mailing address is **671 54th Street, West Palm Beach,**
of the County of **Palm Beach** and State of **Florida.**

part **ies** of the second part. **Witnesseth,** that the said part **y** of the first part, for and in consideration of the sum of One and no/100 Dollars, and other good and valuable considerations to **them** in hand paid, the receipt whereof is hereby acknowledged, ha **ve** granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell, convey and confirm unto the said part **y** of the second part and **his** heirs and assigns forever, all that certain parcel of land lying and being in the County of **Palm Beach** and State of **Florida** more particularly described as follows:

AN UNDIVIDED ONE HALF INTEREST IN AND TO

Part of Section 22 as in Deed Book 205 at page 82 (less the South 2850 feet) Section 22 Township 42 South Range 43 East

being the sameland as conveyed to R. M. Hart in Deed Book 621 at page 17 and containing 53 acres more or less.  and also

The NW¼ of the NE¼ of the NE¼ of Section 1 Township 42 south range 37 east and also

The Northeast quarter of the Northwest quarter of the Southeast quarter of Section 1 Township 42 South Range 37 East and also

The Southeast quarter of the southeast uarter of the southwest quarter of Section 1 Township 42 south range 37 eas..

*Subject to unpaid Taxes of Record*



**Together** with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and estate, dower and right of dower, reversion, remainder and easement thereto belonging or in anywise appertaining **To Have and to Hold** the same in fee simple forever.

And the said parti **es** of the first part do covenant with the said part **y** of the second part that **t** ey are lawfully seized of the said premises, that they are free from all encumbrances and that **they have** good right and lawful authority to sell the same; and the said part **ies** of the first part do hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever, **claiming by through and under them.**

**In Witness Whereof,** the said part **ies** of the first part ha **ve** hereunto set **their**

hand **s** and seal **s** the day and year above written.

Signed, sealed and delivered in our presence

*Lily Roberts     ... to both*
*Frank East     ... to both*

} R M Hart

  Maud Hart



DEED **622** PAGE **78**

State of Florida,

County of    Palm Beach

**I Hereby Certify,** That this day in the next above named State and County before me, an

officer duly authorized and acting, personally appeared

R. M. Hart and wife Maud Hart

to me well known and known to me to be the individual s described in and who executed the

foregoing deed, and **they**           acknowledged then and there before me that **they**

executed said deed.

**And I Further Certify,** That the said        Maud Hart

known to me to be the wife of the said        R. M. Hart

on a separate and private examination, taken and made in the above named State and County
by and before me, separately and apart from her said husband, did this day acknowledge before
me, an officer authorized to take acknowledgments of deeds, that she executed the foregoing deed
freely and voluntarily and without any compulsion, constraint, apprehension or fear of or from
her said husband.

**Witness** my hand and official seal this          3 rd

February                      , A. D. 19 41 .

My commission expires                        day of

, A. D. 19   .

M. F. Hart, his wife Ida Hart, Paul Dean and his wife Elsie R. Dean

_____ of the County of

Palm Beach _____, and State of _____ Florida _____, of the first part, and

A___ Nelson Jenkins _____ of the County of

Palm Beach _____, and State of _____ Florida _____, of the second part.

Witnesseth, That the said part_ies_ of the first part, for and in consideration of the sum of

one dollar and other valuable considerations, _____ Dollars,

lawful money of the United States of America, to ___ them ___ in hand paid by the said part_y_ of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, _have_ granted bargained, sold, aliened, remised, released, conveyed and confirmed, and by these presents do_____ grant, bargain, sell, alien, remise, release, convey and confirm unto the said part_y_ of the second part, and ___ his ___ heirs and assigns forever, all the following piece___, parcel___, or tract___ of land, situate, lying and being in the County of _____ Palm Beach _____, State of_____ Florida _____, and more particularly described as follows:

Part of Section twenty-two (22) as in D. B. 80b P 32 (less the South 28½0 feet), Section twenty-two (22), Township forty-two (42) South, range forty-three (43) East, 53 Acres.

Being the same lands deeded by the Trustees of the Internal Improvement Fund to M. M. Hart on the 20th day of August, 1940, by deed recorded in Deed Book 681 at Page 17, of the public records of Palm Beach County, Florida.

dower, separate estate, ...

equity, of the said part... ... ... ... ... ... and in the same, and every part and parcel thereof, with the appurtenances.

**To Have and To Hold,** the above granted, bargained and described premises, with the appurtenances, unto the said part_y_ of the second part__his__ heirs and assigns, to __their__ own proper use, benefit and behoof forever.

And the said part_ies_ of the first part, for__them__ and for__their__ heirs, executors and administrators, do____covenant, promise and agree to and with the said part_y_of the second part,____his__ heirs and assigns, that the said part_ies_ of the first part, at the time of the sealing and delivery of these presents,____are____lawfully seized of and in all and singular the above granted, bargained and described premises, with the appurtenances, and____have____good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid. And the said part_y_ of the second part,____his____heirs and assigns, shall and may at all times hereafter peaceably and quietly have, hold, use, occupy, possess and enjoy the above granted premises and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the said part_ies_ of the first part,__their__ heirs or assigns, or of any other person or persons lawfully claiming or to claim the same, by, through and under the grantor_s_ herein.

And the said part_ies_ of the first part, for____them____and for____their____heirs, the above described and hereby granted and released premises, and every part and parcel thereof, with the appurtenances, unto the said part_y_ of the second part,__his__ heirs and assigns, against the said part_ies_of the first part,__their____heirs and against all and every person or persons whomsoever, lawfully claiming or to claim the same, by, through and under the grantor____herein, shall and will warrant and by these presents forever defend.

**In Witness Whereof,** The said part_ies_of the first part ha_ve____hereunto set____their____hand_s_ and seal_s_, the day and year first above written.

Signed, sealed and delivered in the presence of us:

(signatures)

(highlighted signature) M. Hart ____(Seal)
____(Seal)
____(Seal)
____(Seal)

within described in said who executed the foregoing deed of conveyance, and acknowledged that they executed the same for the purpose therein expressed, whereupon it is prayed that the same may be recorded.

In Witness Whereof, I have hereunto affixed my hand and official seal, this _____

day of _____ A. D. 19____

(Seal)

**State of Florida,**
**County of** Palm Beach.  } ss.

I, _____ McClair _____ , a _notary public_

in and for said County and State, do certify that on the _____ 7th _____ day of

_____ April _____ , A. D. 1941, personally appeared before me,

H. Hart, Maud Hart, his wife, and Paul Dean and Elsie L. Dean,

his wife, to me well known, and known to me to be the individuals described in and who executed the foregoing deed, and severally acknowledged that __they__ executed the same for the purposes therein mentioned, and the said Maud Hart and Elsie L. Dean, upon a separate and private examination, made separate and apart from her husband, then and there acknowledged before me that she executed the said deed for the purpose of conveying and relinquishing her dower and right of dower, homestead and separate estate in and to the lands therein described, and also in token of having consented to the alienation of said described lands, and that she did the same freely and voluntarily, and without any constraint, apprehension, fear or compulsion of or from her said husband.

Given under my hand and official seal at West Palm Beach, in said County and State, on this _____ day of _____ April _____ , A. D. 1941.

(Seal)       _____ McClair _____

Notary Public, Notary Public, State of Florida at Large
My commission expires: My commission expires April 18 1942

This instrument was filed for Record at
10 P.M. this ___ day of April
1941, and Recorded in Deed
Book 114, at page 455, Record
verified. J. ALEX ARNETTE, Clerk Circuit
Court Palm Beach County, Florida,
By _____ Deputy Clerk

**6** **This Indenture,** Made this 18 th day of August

DEED 723 PAGE 93

A. D. 1942, between **Alan Nelson Jenkins and Barbara**

Hoffstot Jenkins, his wife, both of the County of

Palm Beach and State of Florida , part 1es of the first part, and

**Lex Securities Corporation,** a Florida corporation, having its principal place of business in West Palm Beach, Palm Beach County, Florida,

part y of the second part.

**Witnesseth,** That the said parties of the first part, for and in consideration of the sum of

Ten Dollars and other adequate considerations Dollars

in hand paid by the said part y of the second part, the receipt whereof is hereby acknowledged,

ha ve remised, released and quit-claimed, and by these presents do remise, release and quit-

claim unto the said party of the second part, and its successors and assigns forever, all the

right, title, interest, claim and demand which the said part y of the first part ha ve in and to

the following described lot s, piece s or parcel s of land, situate, lying and being in the County of

Palm Beach , State of Florida , to-wit

The South 200 feet of that portion of Government Lot One (1) of Section fifteen (15) and of Government Lot One (1) of Section twenty-two (22), and of Government Lot One (1) of Section Twenty-three (23) of Township forty-two (42) South, Range forty-three (43) East (which lies between lines that are respectively 9,000 and 13,000 feet South of and parallel with the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East); together with all riparian rights thereunto belonging or in anywise appertaining; Also all the right, title and interest of the grantors in and to all that portion of submerged land in Lake Worth which lies between the North and South boundary lines of the tract hereby conveyed when produced West to the channel of Lake Worth



**To Have and to Hold** the same together with all and singular the appurtenances there-

unto belonging or in anywise appertaining, and all the estate, right, title, interest and claim what-

soever of the said part ies of the first part, either in law or equity, to the only proper use, benefit

and behoof of the said part y of the second part, its successors Heirs and assigns forever.

**In Witness Whereof,** The said parties of the first part ha ve hereunto set their

hand s, and seal s, the day and year first above written.

Signed, sealed and delivered in presence of

_____         Alan Nelson Jenkins (Seal)

_____         Barbara H. Jenkins (Seal)

As to Alan Nelson Jenkins and
Barbara Hoffstot Jenkins:

State of Virginia
County of Fauquin

I, an officer authorized to take acknowledgments of deeds according to the laws of the State of Virginia, Florida, duly qualified and acting, hereby Certify, that Alan Nelson Jenkins

to me personally known, this day has acknowledged before me that he executed the foregoing Deed. And I Further Certify, that I know the said person making said acknowledgment to be the individual described in and who executed the said deed.

In Witness Whereof, I hereunto set my hand and official seal, at Warrenton said County and State, this 19 day of August, A. D. 19 42

(Seal)

Notary Public.
My Commission Expires: Oct 4 - 1944

---

QUIT-CLAIM DEED

DREW'S FORM R. E. 65

ALAN NELSON JENKINS, et. ux.
TO
LEX SECURITIES CORPORATION

Dated , 19

STATE OF FLORIDA
COUNTY OF PALM BEACH

This instrument was filed for record at ____ o'clock ____ M., this ____ day of ____ , and recorded in ____ Book ____ , Page ____ 93 . Record verified.

J. ALEX ANNETTE, Clerk Circuit Court
By ____ D. C.

Return to: Lex Securities Corp.,
Box 2349, W. P. B., Fla.

---

STATE OF Virginia
COUNTY OF Fauquin

This day personally appeared before the undersigned authority Barbara Hoffstot Jenkins, known to me to be the individual described in and who executed the foregoing deed and she acknowledged to me that she executed the same for the purposes therein expressed. The said Barbara Hoffstot Jenkins, known to me to be the wife of the said Alan Nelson Jenkins, on an examination taken and made by me separately and apart from her said husband acknowledged to me that she executed said deed freely and voluntarily and without any compulsion, constraint, apprehension or fear of or from her said husband.

____ my hand and official seal at Warrenton, Va , said County ____ tate.

EXPIRES: Oct 4 - 1944   NOTARY PUBLIC.

BEST COPY

6

DEED 733 PAGE 91

# This Indenture,

*Made this* 18th *day of* March *A. D.* 1931,

*Between* Edward E. Jenkins and his wife, Evelyn G. Jenkins,

*of the County of* Fauquier *and State of* Virginia, *parties of the first part, and* Lex Securities Corporation, *whose permanent postoffice address is* P. O. Box 2349, West Palm Beach, Florida, *a corporation existing under the laws of the State of* Florida, *having its principal place of business in the County of* Palm Beach *and State of* Florida *party of the second part,*

**Witnesseth,** *that the said part* ies *of the first part, for and in consideration of the sum of* one dollar and other valuable considerations, *to* them *in hand paid, the receipt whereof is hereby acknowledged, ha* ve *granted, bargained, sold, aliened, remised, released, enfeoffed, conveyed and confirmed and by these presents do grant, bargain, sell, alien, remise, release, enfeoff, convey and confirm unto the said party of the second part and its successors and assigns forever, all that certain parcel of land lying and being in the County of* Palm Beach *and State of Florida, more particularly described as follows:* The South Two Hundred (200) feet of the following described lands:

All that portion of Government Lot One (1) of Section fifteen (15) and of Government Lot One (1) of Section twenty-two (22), and of Government Lot One (1) of Section twenty-three (23) of Township forty-two (42) South, Range forty-three (43) East (which lies between lines that are respectively 5,000 and 13,000 feet South of and parallel with the north line of Government Lot 1, Section 15, Township 42 South, Range 43 East; together with all riparian rights thereunto belonging or in anywise appertaining; Also all of the right, title and interest of the grantors in and to all that portion of submerged land in Lake Worth which lies between the North and South boundary lines of the above described tract when produced West to the channel of Lake North.

Subject to taxes subsequent to the year 1930.

**Together** *with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and estate, dower and right of dower, reversion, remainder and easement thereto belonging or in anywise appertaining;*

**To Have and to Hold** *the same in fee simple forever.*

*And the said parties of the first part do covenant with the said party of the second part that they* are *lawfully seized of the said premises, that they are free of all incumbrance, and that they have good right and lawful authority to sell the same; and that said parties of the first part doth hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.*

**In Witness Whereof,** *the said part* ies *of the first part ha* ve *hereunto set* their *hands and seal* s *the day and year above written.*

Signed, Sealed and Delivered in Our Presence:

D. Summer Day

Edward E. Jenkins

Evelyn G. Jenkins

BOOK **7 33** PAGE **92**

State of ~~Florida~~ Virginia,

County of **Fauquier.**

**I HEREBY CERTIFY,** That on this 21st. day of March, A. D. 1931 , before me personally appeared **Edward R. Jenkins and Evelyn G. Jenkins,** his wife,

to me known to be the person**S** described in and who executed the foregoing conveyance to **Lex Securities Corporation,** a Florida corporation,

and severally acknowledged the execution thereof to be their free act and deed for the uses and purposes therein mentioned; and the said Evelyn G. Jenkins,

the wife of the said Edward R. Jenkins , on a separate and private examination taken and made by and before me, and separately and apart from her said husband, did acknowledge that she made herself a party to the said Deed of Conveyance for the purpose of renouncing, relinquishing and conveying all her right, title and interest, whether of dower or of separate property, statutory or equitable, in and to the lands therein described, and that she executed said deed freely and voluntarily, and without any constraint, fear, apprehension or compulsion of or from her said husband.

WITNESS my signature and official seal at Warrenton, Virginia, in the County of Fauquier and State of ~~Florida~~ the day and year last aforesaid.

Notary Public.

My commission expires:
June 21, 1934

State of Florida.
County of ...................

Warranty Deed
TO CORPORATION

Edward R. Jenkins et ux,
TO
Lex Securities Corporation.

Date

ABSTRACT OF DESCRIPTION

KEMPT, RALL, TAYLOR, RUDD & CHAMBERS
ATTORNEYS AND COUNSELLORS AT LAW
WEST PALM BEACH, FLORIDA

DEED **834** PAGE **574**

**9**

# This Indenture,

Made this -----6th - - - - day of     January - - - - - - -     A. D. 19 48

**Between** LEX SECURITIES CORPORATION                              , a corporation

existing under the laws of the State of  Florida                    , having its principal place of

business in the County of  Palm Beach          and State of   Florida

party of the first part, and DONALD A. MACDONALD and OLAH B. MACDONALD, his
wife, whose address is 512 Clematis St., West Palm Beach
of the County of  Palm Beach          and State of   Florida

parties of the second part, **Witnesseth**, That the said party of the first part, for and in con-

sideration of the sum of  Ten Dollars and other valuable considerations Dollars,

to it in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold,

aliened remised, released, conveyed and confirmed, and by these presents doth grant, bargain, sell,

alien, remise, release, convey and confirm unto the said parties  of the second part, and   their

heirs and assigns forever, all that certain parcel of land lying and being in the County of

Palm Beach          and State of     Florida          , more particularly

described as follows: The South 200 feet of the following described lands:
All that portion of Government Lot 1 of Section 15 and of Government
Lot 1 of Section 22, and of Government Lot 1 of Section 23 of Township
42 South, Range 43 East (which lies between lines that are respective-
ly 8,000 and 13,000 feet South of and parallel with the North line of
Government Lot 1, Section 10, Township 42 South, Range 43 East; to-
gether with all riparian rights thereunto belonging or in anywise ap-
pertaining; also all of the right, title and interest of the grantors
in and to all that portion of submerged land in Lake Worth which lies
between the North and South boundary lines of the above described
tract when produced West to the channel of Lake Worth. Subject, how-
ever, to the rights of the public in and to the highway crossing said
strip from north to south near the waters of Lake Worth, designated
as State Highway No. 703.

**Together** with all the tenements, hereditaments and appurtenances, with every privilege, right,

title, interest and estate, reversion, remainder and easement thereto belonging or in anywise apper-

taining: **To Have and To Hold** the same in fee simple forever.

And the said party of the first part doth covenant with the said parties of the second part
that it is lawfully seized of the said premises; that they are free of all incumbrances, and that it
has good right and lawful authority to sell the same, and the said party of the first part does here-
by fully warrant the title to said land, and will defend the same against the lawful claims of all
persons whomsoever.

**In Witness Whereof**, the said party of the first part has caused
these presents to be signed in its name by its President, and its
corporate seal to be affixed, attested by its Secty-Treasurer
the day and year above written.

                              LEX SECURITIES CORPORATION

Attest: _____        By _____
        Secty Treasurer.                         President.

Signed, Sealed and Delivered in Our Presence:

_____

_____

**9**

State of FLORIDA
County of PALM BEACH

REC 834 PAGE 575

I Hereby Certify, That on this -- 6th --- day of January , A. D. 19 48

before me personally appeared  E. C. Fisher

and      John H. Moore, Jr.,                    , respectively President and Sect'y-Treas.,

of   LEX SECURITIES CORPORATION                 , a corporation under the laws

of the State of  Florida           , to me known to be the individuals and officers described

in and who executed the foregoing conveyance to  DONALD A. MACDONALD and OMAH B.
MACDONALD, his wife,

and severally acknowledged the execution thereof to be their free act and deed as such officers
thereunto duly authorized; and that the official seal of said corporation is duly affixed thereto, and
the said conveyance is the act and deed of said corporation.

Witness my signature and official seal at  West Palm Beach

in the County of   Palm Beach           and State of      Florida

the day and year last aforesaid.

Hilda Grant
Notary Public

My Commission expires on the   29th
day of   March            , A. D. 19  50



DEED 834 PAGE 172

## WARRANTY DEED

THIS INDENTURE, Made this $8\overline{\underset{\sim}{th}}$ day of December, 1947, between ALAN NELSON JENKINS and BARBARA HOFFSTOT JENKINS, his wife, both of Fauquier County, Virginia, parties of the first part, and DONALD A. MACDONALD and OKAH B. MACDONALD, his wife, parties of the second part.

WITNESSETH, that the said parties of the first part, for and in consideration of the sum of Ten Dollars and other valuable considerations to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold to the said parties of the second part, their heirs and assigns forever, the following described land, situate, lying and being in the County of Palm Beach, State of Florida, and more particularly described as follows:

> A strip of land approximately 200 feet in width from north to south, extending from the water's edge of the Atlantic Ocean to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the Atlantic Ocean to the Atlantic Ocean, and the southerly boundary thereof being parallel to, and 12,800 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title and interest of the parties of the first part in the submerged lands in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

**ALSO:**

> A strip of land 200 feet in width from north to south extending from the water's edge of the Atlantic Ocean to the water's edge of Lake Worth, lying between two east and west lines, the southerly boundary line thereof being 2,865 feet north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said township and range eastward across the waters of Lake Worth and the land lying between

DEED **834** PAGE **173**

Lake Worth and the Atlantic Ocean to the Atlantic
Ocean, and the north boundary line thereof being 3,065
feet north of the south boundary line of Sections 22
and 23 as above described, the north and south boundary
lines of said 200-foot strip running parallel with and
being measured at right angles to the south boundary
line of said Sections 22 and 23 as above described, the
strip hereby conveyed being that part of fractional
Section 23 and that part, if any, of fractional Section
22 in said township and range, lying between the waters
of the Atlantic Ocean on the east, the waters of Lake
Worth on the west, and the two boundary lines above
described on the north and south; together with all
riparian and littoral rights thereunto appertaining;
together with all right, title and interest of the
parties of the first part in the submerged lands in
Lake Worth lying between the north and south boundary
lines of the above described tract when produced west
to the channel of Lake Worth.

Subject, however, to the rights of the public in and to
the highway crossing said strips from north to south
near the waters of Lake Worth, designated as State
Highway No. 703.

And the said parties of the first part do hereby

fully warrant the title to said land and will defend the same

against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the said parties of the first

part have hereunto set their hands and seals the day and year

first above written.

Signed, sealed and delivered
in the presence of:

_Alan Nelson Jenkins_ (SEAL)
Alan Nelson Jenkins

_Margaret Butler_

_Barbara Hoffstot Jenkins_ (SEAL)
Barbara Hoffstot Jenkins

DEED 834 PAGE 174

9

STATE OF VIRGINIA )
COUNTY OF FAUQUIER )

I HEREBY CERTIFY, that on this 8 day of December,
1947, before me personally appeared ALAN NELSON JENKINS and
BARBARA HOFFSTOT JENKINS, his wife, to me known and known to me
to be the persons described in and who executed the foregoing
warranty deed to Donald A. MacDonald and Onah B. MacDonald, his
wife; and they acknowledged the execution thereof to be their
free act and deed for the uses and purposes therein mentioned;
and the said BARBARA HOFFSTOT JENKINS, the wife of the said
Alan Nelson Jenkins, on a separate and private examination taken
and made by and before me, and separately and apart from her
said husband, did acknowledge that she made herself a party of
the said warranty deed for the purpose of renouncing, relinquish-
ing and conveying all her right, title and interest, whether of
dower or of separate property, statutory or equitable, in and
to the land therein described, and that she executed said deed
freely and voluntarily and without any constraint, fear, appre-
hension or compulsion of or from her said husband.

WITNESS my signature and official seal at Warrenton,
in the County of Fauquier, and State of Virginia, the day and
year last aforesaid.

Notary Public, State of Virginia

My commission expires Oct 4-1948

This instrument was filed for Record on
2:25 P.M. this 26 day of Jan.
194 8 and Recorded in Deed
Book 834, at page 172 Record
verified. J. ALEX ARNETTE, Clerk Circuit
Court, Palm Beach County, Florida.
By _____ Deputy Clerk

1

1958 OCT 10 PM 3 24

250 PAGE 561

# WARRANTY DEED

THIS INDENTURE, made this 9th day of October, A. D. 1958, between DONALD A. MacDONALD and OMAH B. MacDONALD, his wife, of the County of Palm Beach and State of Florida, parties of the first part; and DONALD A. MacDONALD and OMAH B. MacDONALD, his wife, as tenants in common and not as joint tenants with right of survivorship, whose post office address is: Post Office Box 487, Riviera Beach, County of Palm Beach and State of Florida, parties of the second part;

WITNESSETH: That the said parties of the first part, for and in consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable considerations to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold to the said parties of the second part, their heirs and assigns forever, the following described land situate, lying and being in the County of Palm Beach and State of Florida, to-wit:

A strip of land approximately 200 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,800 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title and interest of the parties of the first part in the submerged lands in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

ALSO:

A strip of land 200 feet in width from north to south extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the southerly boundary line thereof being 2,865 feet north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said township and range eastward across the waters of Lake Worth and the land lying between Lake Worth and the

STATE OF FLORIDA
DOCUMENTARY STAMP TAX
020

PALM BEACH
COUNTY

westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the north boundary line thereof being 3,065 feet north of the south boundary line of Sections 22 and 23 as above described, the north and south boundary lines of said 200-foot strip running parallel with and being measured at right angles to the south boundary line of said Sections 22 and 23 as above described, the strip hereby conveyed being that part of fractional Section 23 and that part, if any, of fractional Section 22 in said township and range, lying between the westerly right-of-way line of State Road 703 on the east, the waters of Lake Worth on the west, and the two boundary lines above described on the north and south; together with all riparian and littoral rights thereunto appertaining; together with all right, title and interest of the parties of the first part in the submerged lands in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

SUBJECT to reservations, restrictions and easements of record. SUBJECT to taxes levied subsequent to the year 1957.

And the said parties of the first part do hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Donald A. MacDonald_ (SEAL)
DONALD A. MacDONALD

_Omah B. MacDonald_ (SEAL)
OMAH B. MacDONALD

STATE OF FLORIDA  )
                  )  SS.
COUNTY OF PALM BEACH  )

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared DONALD A. MacDONALD and OMAH B. MacDONALD, his wife, to me known to be the individuals described in and who executed the foregoing instrument, and they acknowledged before me that they executed the same.

WITNESS my hand and official seal in the County and State last aforesaid, this 9th day of October, A. D. 1958.

_Carole L. Achello_
NOTARY PUBLIC

My commission expires: 3-16-59

Recorded in Official Record Book
of Palm Beach County, Florida
J. ALEX ARNETTE
CLERK OF CIRCUIT COURT

- 2 -

**11**

QUIT-CLAIM DEED

DEC 30   3 02 PM '68

RAMCO FORM 8

Y 61793

## ORB 1693, PG 495

**This Quit-Claim Deed,** Executed this 30th day of December   A.D. 1968   by

Omah B. MacDonald, the unmarried widow of Donald A. MacDonald,

first party, to  Donald A. MacDonald, Jr. and Omah M. Kiser, all of the other heirs and beneficiaries in addition to first party of the Estate of Donald A. MacDonald, deceased, as tenants in common,
*whose postoffice address is*

428 Lighthouse Drive, North Palm Beach, Florida
*second party:*

*(Wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)*

**Witnesseth,** That the said first party, for and in consideration of the sum of $ 11,512.85 in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of  Palm Beach                 State of  Florida                 to-wit:



A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the east boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining, together with all right, title, interest, claim and demand of the first party in the submerged lands in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.



STATE OF FLORIDA DOCUMENTARY STAMP TAX   34 80

**To Have and to Hold** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.

**In Witness Whereof,** The said first party has signed and sealed these presents the day and year first above written.
Signed, sealed and delivered in presence of:

                                        Omah B. MacDonald   (L.S.)
                                        Omah B. MacDonald

                                                              (L.S.)

STATE OF FLORIDA,
COUNTY OF Palm Beach

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared

Omah B. MacDonald

to me known to be the person described in and who executed the foregoing instrument and   she acknowledged before me that  she  executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this   30th   day of
December   A.D. 19 68.

                              Betty P. Jarvis
                              NOTARY PUBLIC STATE OF FLORIDA at LARGE
                              MY COMMISSION EXPIRES NOV. 15  1970

This instrument prepared by:
Harland N. Jarvis
1547 Prosperity Farms Road
Lake Park, Florida

ORB 1693 PAGE 495



**1**

FEB-04-1992 11:31am 92-032438

ORB 7109 Pg 1220

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: ESTATE OF                          PROBATE DIVISION

DONALD A. MACDONALD, JR.,                 File Number 90-1935 CPM

      Deceased.                            Division  Vaughn J. Rudnick
_____/

### ORDER AUTHORIZING SALE OF SUBMERGED LAND

92 JAN 27   FILED

    THIS CAUSE, having come before the Court on the Petition
for Order Authorizing Sale of Submerged Land, and the Court having
been advised that formal notice was sent to all interested parties
and no objections having been filed, it is hereby

    ORDERED AND ADJUDGED that Marion A. MacDonald, Jr., as
personal representative of the Estate of Donald MacDonald, is
hereby authorized to sell the submerged land legally described on
Exhibit "A" attached hereto to Omah Kiser, on the terms set forth
in the Petition.

    DONE AND ORDERED in Chambers this 27⁴ day of January, 1992.

                            JUDGE VAUGHN J. RUDNICK

Copies furnished:

Jody H. Oliver, Esquire
Attorney for Personal Representative
Moyle, Flanigan, Katz,
    FitzGerald & Sheehan, P.A.
Post Office Box 3888
West Palm Beach, Florida  33402l

3153k/wp

73

ORB 7109 Pg 1221

## LEGAL DESCRIPTION

A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

EXHIBIT "A"

3153k/wp

RECORD VERIFIED
PALM BEACH COUNTY, FLA.

CLERK CIRCUIT COURT

Return to:
Name  W/c 49 ✓

Address:

Property Appraisers Parcel Identification (Folio) Number(s):

FEB-12-1992 02:26pm 92-041988

ORB  7119 Pg 1958

Con          500.00 Doc          3.00
CLERK OF THE COURT - PB COUNTY, FL

120491-1
3634k

### PERSONAL REPRESENTATIVE'S DEED

THIS INDENTURE, made and entered into on the ____ day of December, 1991, between MARION C. MACDONALD, as Personal Representative of the Estate of DONALD A. MACDONALD, JR., Deceased, Grantor, and OMAH KISER, Grantee, whose address is 6777 Winkler Road, Apartment F-121, Fort Myers, Florida 33919.

### W I T N E S S E T H:

That the said Grantor, pursuant to the Order of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Probate Division, dated January 27, 1992, and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, to Grantor in hand paid by the Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee, Grantee's heirs and assigns, forever, the following described land, situate, lying and being in the County of Palm Beach, State of Florida, to wit:

A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the north and south boundary lines of the above described tract

-1-                                                    3634k

ORB 7119 Pg 1959

when produced west to the channel of Lake Worth.

SUBJECT TO taxes for the year 1991 and subsequent years, and easements, restrictions, reservations, limitations and conditions of record, if any.

TO HAVE AND TO HOLD the same unto the said Grantee, Grantee's heirs and assigns, in as full and ample manner as the same was possessed or enjoyed by the Decedent in the Decedent's lifetime.

AND Grantor does covenant to and with the Grantee, her heirs and assigns, that in all things preliminary to and in and about the sale and this conveyance, the Orders of the above-named Court and the laws of the State of Florida have been followed and complied with in all respects.

IN WITNESS WHEREOF, the Grantor has executed this Deed the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Elsie Ballah_                     _Marion C MacDonald_
                                   **MARION C. MACDONALD, as Personal**
                                   **Representative of the Estate of**
                                   **DONALD A. MACDONALD, JR.**

STATE OF FLORIDA        )
COUNTY OF PALM BEACH    )

The foregoing instrument was acknowledged before me this ___ day of _____, by MARION C. MACDONALD, as Personal Representative of the Estate of DONALD A. MACDONALD, JR., Deceased, on behalf of the Estate, and she is personally known to me and did take an oath.

                                   _Nancy Ballard_
NOTARY PUBLIC
Typed Name of Notary
Commission No.

Stamp                              NANCY BALLARD
                                   MY COMMISSION # AA
                                   EXPIRES June 14, 199

-2-                                **3634k**

ORB 7119 Pg 1960

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: ESTATE OF

DONALD A. MACDONALD, JR.,

      Deceased.

_____/

PROBATE DIVISION

File Number 90-1935 CPM

Division  Vaughn J. Rudnick

FILED
92 JAN 27

ORDER AUTHORIZING SALE OF SUBMERGED LAND

THIS CAUSE, having come before the Court on the Petition for Order Authorizing Sale of Submerged Land, and the Court having been advised that formal notice was sent to all interested parties and no objections having been filed, it is hereby

ORDERED AND ADJUDGED that Marion A. MacDonald, Jr., as personal representative of the Estate of Donald MacDonald, is hereby authorized to sell the submerged land legally described on Exhibit "A" attached hereto to Omah Kiser, on the terms set forth in the Petition.

DONE AND ORDERED in Chambers this 27th day of January, 1992.

JUDGE VAUGHN J. RUDNICK

Copies furnished:

Jody H. Oliver, Esquire
Attorney for Personal Representative
Moyle, Flanigan, Katz,
   FitzGerald & Sheehan, P.A.
Post Office Box 3888
West Palm Beach, Florida  33402l

RECORDER'S MEMO: Legibility of Writing, Typing or Printing unsatisfactory in this document when received.

3153k/wp

ORB   7119 Pg 1961

## LEGAL DESCRIPTION

A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

EXHIBIT "A"

RECORD VERIFIED
PALM BEACH COUNTY, FLA
CLERK CIRCUIT COURT

3153k/wp

Return to: (enclose self-addressed stamped envelope)

Name  W/C 49 ✓

Address:

Re-file ⟶ FEB-21-1992 02:39pm 92-050202

ORB **7129** Pg **492**

FEB-12-1992 02:26pm 92-041988

ORB **7119** Pg **1958**

Con          500.00  Doc          3.00
CLERK OF THE COURT - PB COUNTY, FL

**13**

Property Appraisers Parcel Identification (Folio) Number(s):

120491-1
3634k

### PERSONAL REPRESENTATIVE'S DEED

THIS INDENTURE, made and entered into on the _1_ day of December, 1992, between MARION C. MACDONALD, as Personal Representative of the Estate of DONALD A. MACDONALD, JR., Deceased, Grantor, and OMAH KISER, Grantee, whose address is 6777 Winkler Road, Apartment F-121, Fort Myers, Florida 33919.

### W I T N E S S E T H :

That the said Grantor, pursuant to the Order of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Probate Division, dated January 27, 1992, and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, to Grantor in hand paid by the Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee, Grantee's heirs and assigns, forever, the following described land, situate, lying and being in the County of Palm Beach, State of Florida, to wit:

A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the north and south boundary lines of the above described tract

THIS DOCUMENTS IS BEING RE-RECORDED TO INSERT DATE OMITTED FROM PAGE 1 OF DEED (ORIGINALLY DATE ONLY APPEARED IN NOTARIZATION).

-1-                                    3634k

ORB 7129 Pg 493

ORB 7119 Pg 1959

when produced west to the channel of Lake Worth.

SUBJECT TO taxes for the year 1991 and subsequent years, and easements, restrictions, reservations, limitations and conditions of record, if any.

TO HAVE AND TO HOLD the same unto the said Grantee, Grantee's heirs and assigns, in as full and ample manner as the same was possessed or enjoyed by the Decedent in the Decedent's lifetime.

AND Grantor does covenant to and with the Grantee, her heirs and assigns, that in all things preliminary to and in and about the sale and this conveyance, the Orders of the above-named Court and the laws of the State of Florida have been followed and complied with in all respects.

IN WITNESS WHEREOF, the Grantor has executed this Deed the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Christine Sabourt_

_Elsie Ballah_

_Marion C. MacDonald_
MARION C. MACDONALD, as Personal
Representative of the Estate of
DONALD A. MACDONALD, JR.

STATE OF FLORIDA        )
COUNTY OF PALM BEACH    )

The foregoing instrument was acknowledged before me this 7th day of January 1992, by MARION C. MACDONALD, as Personal Representative of the Estate of DONALD A. MACDONALD, JR., Deceased, on behalf of the Estate, and she is personally known to me and did take an oath.

_Nancy Bullard_
NOTARY PUBLIC
Typed Name of Notary
Commission
                    NANCY BULLARD
                    MY COMMISSION # AA 532365
Stamp               EXPIRES: June 14, 1992

-2-                                    3634k

ORB  7119 Pg 1960

ORB  7129 Pg  494

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: ESTATE OF                    PROBATE DIVISION

DONALD A. MACDONALD, JR.,          File Number 90-1935 CPM

                Deceased.           Division  Vaughn J. Rudnick
_____/

ORDER AUTHORIZING SALE OF SUBMERGED LAND

        THIS CAUSE, having come before the Court on the Petition
for Order Authorizing Sale of Submerged Land, and the Court having
been advised that formal notice was sent to all interested parties
and no objections having been filed, it is hereby

        ORDERED AND ADJUDGED that Marion A. MacDonald, Jr., as
personal representative of the Estate of Donald MacDonald, is
hereby authorized to sell the submerged land legally described on
Exhibit "A" attached hereto to Omah Kiser, on the terms set forth
in the Petition.

        DONE AND ORDERED in Chambers this 27th day of January, 1992.

                                JUDGE VAUGHN J. RUDNICK

Copies furnished:

Jody H. Oliver, Esquire
Attorney for Personal Representative
Moyle, Flanigan, Katz,
    FitzGerald & Sheehan, P.A.
Post Office Box 3888
West Palm Beach, Florida  334021

RECORDER'S MEMO: Legibility
of Writing, Typing or Printing
unsatisfactory in this document
when received.

3153k/wp

ORB 7119 Ps 1961

ORB 7129 Ps 495

## LEGAL DESCRIPTION

A strip of land approximately 300 feet in width from north to south, extending from the westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two east and west lines, the northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) north of the south boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the south boundary line of Section 21 in said Township and Range eastward across the waters of Lake Worth and the land lying between Lake Worth and the westerly right-of-way line of State Road 703 to said westerly right-of-way line of State Road 703, and the southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) south of the north line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the north and south boundary lines of the above described tract when produced west to the channel of Lake Worth.

EXHIBIT "A"

RECORD VERIFIED
PALM BEACH COUNTY, FLA

CLERK CIRCUIT COURT

RECORD VERIFIED
PALM BEACH COUNTY, FLA

CLERK CIRCUIT COURT

3153k/wp

CFN 20140067639
OR BK 26631 PG 1846
RECORDED 02/25/2014 16:18:25
Palm Beach County, Florida
AMT 24,000.00
Doc Stamp 168.00
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 1846 - 1847; (2pgs)

This instrument was prepared by
and should be returned to:
Allan Michaels, an employee of
Title Source USA, Inc.
PO Box 950580
Lake Mary, Florida 32795

# Warranty Deed To Trustee

*The Grantor(s) OMAH KISER* whose address is 428 San Marino Drive, Lady Lake, FL 32159, for and in consideration of Ten Dollars, and other good and valuable considerations in hand paid, conveys, grants, bargains, sells, aliens, remises, releases, confirms and warrants under provisions of Section 689.071 F.S

*Unto the RENEGADE TRUST, dated 2/3/14 with Fane Lozman, Trustee* whose address is 2913 Avenue F, Riviera Beach, Florida 33404, the following described real estate in the County of Palm Beach, State of Florida to wit:

A STRIP OF LAND APPROXIMATELY 300 FEET IN WIDTH FROM NORTH TO SOUTH, EXTENDING FROM THE WESTERLY RIGHT-OF-WAY LINE OF STATE ROAD 703 TO THE WATER'S EDGE OF LAKE WORTH, LYING BETWEEN TWO EAST AND WEST LINES, THE NORTHERLY BOUNDARY LINE THEREOF BEING PARALLEL TO, AND 3,465 FEET (MEASURED AT RIGHT ANGLES) NORTH OF THE SOUTH BOUNDARY LINE OF SECTIONS 22 AND 23 IN TOWNSHIP 42 SOUTH, RANGE 43 EAST, AS DETERMINED BY PRODUCING THE SOUTH BOUNDARY LINE OF SECTION 21 IN SAID TOWNSHIP AND RANGE EASTWARD ACROSS THE WATERS OF LAKE WORTH AND THE LAND LYING BETWEEN LAKE WORTH AND THE WESTERLY RIGHT-OF-WAY LINE OF STATE ROAD 703 TO SAID WESTERLY RIGHT-OF-WAY LINE OF STATE ROAD 703, AND THE SOUTHERLY BOUNDARY THEREOF BEING PARALLEL TO, AND 12,900 FEET (MEASURED AT RIGHT ANGLES) SOUTH OF THE NORTH LINE OF GOVERNMENT LOT 1, SECTION 10, TOWNSHIP 42 SOUTH, RANGE 43 EAST, TOGETHER WITH ALL RIPARIAN AND LITTORAL RIGHTS THEREUNTO APPERTAINING; TOGETHER WITH ALL RIGHT, TITLE, INTEREST, CLAIM AND DEMAND OF THE FIRST PARTY IN THE SUBMERGED LAND IN LAKE WORTH LYING BETWEEN THE NORTH AND SOUTH BOUNDARY LINES OF THE ABOVE DESCRIBED TRACT WHEN PRODUCED WEST TO THE CHANNEL OF LAKE WORTH..
THE GRANTOR HEREIN WARRANTS THAT THE ABOVE PROPERTY DOES NOT CONSTITUTE HER HOMESTEAD, NOR THAT OF HER SPOUSE, IF ANY, AND SAID PROPERTY IS NOT ADJACENT TO HER HOMESTEAD

*Together* with all the tenements, hereditaments and appurtenances thereto, belonging or in anywise appertaining.

*To have and to hold* the said premises in fee simple forever, with the appurtenances attached thereto upon the trust and for the uses and purposes herein and in said Trust Agreement set forth.

*Full* power and authority granted to said Trustee, with respect to the said premises or any part of it, and at any time or times, to subdivide said premises or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said property as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to donate, to mortgage, pledge or otherwise encumber said property, or any part thereof, to lease said property or any part thereof, from time to time, in possession or reversion by leases to commence now or later, and upon any terms and for any period or periods of time and to renew or extend leases upon any terms and for any period or periods of time and to amend, change, or modify leases and the terms and provisions thereof at any time hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present or future renters, to partition or to exchange said property or any part thereof for other real or personal property, to grant easements or changes of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said premises or any part thereof, and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.

*In No Case* shall any party dealing with the said trustee in relation to said premises, to whom said premises or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchase money, rent, or money borrowed or advanced on said premises, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under such conveyance, lease or other instrument, (a) that at the time of delivery thereof, the trust created by this Indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in full accordance of the trust's conditions and limitations contained herein and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder and (c) that said trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument.

*The Interest* of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails, and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property. No beneficiary hereunder shall have any title or interest legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid.

*And* the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2013.

*In Witness Whereof,* the said grantor(s) has (have) hereunto set his (their) hands and seals this 02/08/14.

Signed, sealed and delivered in the presence of:

Witness: Allan Michaels

Witness: Donna JoAnn Butz

OMAH KISER

State of Florida
County of Palm Beach                                    02/15/14
The foregoing instrument was acknowledged before me this 02/08/14 by OMAH KISER, ☐ who are personally known to me or ☑ who have produced their Drivers' Licenses as identification.

_____ (SEAL)
(Print Name)

My Commission Expires: _____

**15**

CFN 20160151491
OR BK 28266 PG 1544
RECORDED 05/02/2016 13:39:08
Palm Beach County, Florida
AMT 10.00
DEED DOC 0.70
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 1544-1546; (3Pgs)

This instrument was prepared by or under the supervision of and after recording return to:

Name:    Brenda Fernandez, Esq.
Address: Greenberg Traurig, P.A.
         333 SE 2nd Avenue, Miami, FL 33131

Property Appraiser's Parcel
ID #: 56-43-42-22-00-001-0200

(Space Reserved for Clerk of the Court)

**QUIT CLAIM DEED**

**THIS QUIT CLAIM DEED** is made the 27th day of April, 2016, between **FANE LOZMAN, TRUSTEE OF THE RENEGADE TRUST** DATED FEBRUARY 3, 2014, ("**Grantor**" or "First Party"), whose address is 2913 Ave. F, Riviera Beach, FL 33404, and **FANE LOZMAN,** a single man, ("**Grantee**" or "Second Party") whose address is 2913 Ave. F, Riviera Beach, FL 33404.

**W I T N E S S E T H**

**GRANTOR**, in consideration of Ten and No/100 Dollars ($10.00) and other good and valuable consideration paid by Grantee, the receipt and sufficiency of which are hereby acknowledged, does hereby remises, releases and quit-claims unto Grantee, and Grantee's heirs, successors and assigns forever, all of the right, title, interest, claim and demand which Grantor has in the following property located in Palm Beach County, Florida ("**Property**"), to-wit:

See **Exhibit "A"** attached hereto and by this reference made a part hereof.

**TOGETHER** with all the tenements, hereditaments, easements and appurtenances thereto belonging or in any way appertaining.

**SUBJECT TO**, taxes and assessments for the current year and subsequent years and easements, restrictions, reservations, limitations and other matters of record, without hereby reimposing the same.

(signatures appearing on following page)

**NOTE TO RECORDER AND TAX EXAMINER: THIS CONVEYANCE IS NOT SUBJECT TO THE PAYMENT OF DOCUMENTARY STAMP TAX PURSUANT TO FLORIDA ADMINISTRATIVE CODE RULE 12B-4.013(28)(e) AS THE PROPERTY BEING CONVEYED IS 100% OF THE GRANTEE'S BENEFICIAL OWNERSHIP INTEREST AS A TRUST BENEFICIARY IMMEDIATELY BEFORE THIS CONVEYANCE.**

*MIA 185258273v2*

CFN 20160151491
BOOK 28266 PAGE 1545
2 OF 3

**IN WITNESS WHEREOF**, Grantor has executed and delivered this Quit Claim Deed the day and year first above written.

Signed, sealed and delivered
in the presence of:

Witness Signature

JOSE Rivero
Print Name of First Witness

Witness Signature

Print Name of Second Witness

Fane Lozman, Trustee of the Renegade
Trust dated February 3, 2014

STATE OF _FLORIDA_ )

COUNTY OF _MIAMI-DADE_ )

The foregoing instrument was acknowledged before me this _29th_ day of April , 2016, by Fane Lozman, as Trustee of the Renegade Trust dated February 3, 2014, on behalf of such Trust who is personally known to me or has produced a _Drivers License_ as identification.

(NOTARY SEAL)

V. ALZATE-GARCIA
MY COMMISSION # FF 114833
EXPIRES: April 22, 2018
Bonded Thru Budget Notary Services

Typed Name:
Notary Public-State of Florida
My commission expires on:
Commission Number:

2

MIA 185258273v1

CFN 20160151491
BOOK 28266 PAGE 1546
3 OF 3

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

A strip of land approximately 300 feet in width from North to South, extending from the Westerly right-of-way line of State Road 703 to the water's edge of Lake Worth, lying between two East and West lines, the Northerly boundary line thereof being parallel to, and 3,465 feet (measured at right angles) North of the South boundary line of Sections 22 and 23 in Township 42 South, Range 43 East, as determined by producing the South boundary line of Section 21 in said Township and Range Eastward across the waters of Lake Worth and the land lying between Lake Worth and the Westerly right-of-way line of State road 703 to said Westerly right-of-way of State Road 703, and the Southerly boundary thereof being parallel to, and 12,900 feet (measured at right angles) South of the North line of Government Lot 1, Section 10, Township 42 South, Range 43 East, together with all riparian and littoral rights thereunto appertaining; together with all right, title, interest, claim and demand of the first party in the submerged land in Lake Worth lying between the North and South boundary lines of the above described tract when produced West to the channel of Lake Worth.

3

# ROAD PLAT BOOK 1



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK 1



# ROAD PLAT BOOK 1





# ROAD PLAT BOOK



# ROAD PLAT BOOK 1



ATIF BEST AVAILABLE COPY

# ROAD PLAT BOOK 1



# ROAD PLAT BOOK 1



ATIF BEST AVAILABLE COPY

# ROAD PLAT BOOK 1



29

AMENDED
STATE ROAD DEPARTMENT
RIGHT OF WAY PLANS - STATE ROAD NO. 26.
PROJECT N.R.H. 168-A (1935)
PALM BEACH COUNTY,
FLORIDA.

# ROAD PLAT BOOK 1



# ROAD PLAT BOOK 1



AMENDED SHEET NO. 2
STATE ROAD DEPARTMENT
RIGHT OF WAY PLANS - STATE ROAD NO. 26.
PROJECT 1102
PALM BEACH COUNTY,
FLORIDA.



PLAT BOOK 6 PAGE 11

11

THIS IS TO CERTIFY THAT THE WITHIN AND ATTACHED SHEETS NUMBERED ___1___ TO ___26___ INCLUSIVE, CONSTITUTE A TRUE COPY OF THE OFFICIAL RIGHT OF WAY MAP SHOWING LOCATION AND SURVEY BY THE STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION FOR A PORTION OF STATE ROAD ___A1A___ DESIGNATED AS SECTION _____ IN ___PALM BEACH___ COUNTY, FLORIDA.

THE PROPERTY OUTLINED IN RED BOX, AND LABELED R/W LINE ON SAID SHEETS HAS BEEN VESTED IN THE STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION, PURSUANT TO THE PROVISIONS OF SECTION 95.361 FLORIDA STATUTES.

IN WITNESS WHEREOF, WE HAVE HEREUNTO SET OUR HANDS AND AFFIXED THE SEAL OF THE STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION, AT TALLAHASSEE, FLORIDA, THIS _____ DAY OF ___Sept.___ A.D. 19 75.

THIS IS TO CERTIFY THE RIGHT OF WAY LIMITS AS SHOWN ON THIS MAP HAVE BEEN MAINTAINED CONTINUOUSLY FOR MORE THAN 7 YEARS WITHOUT INTERRUPTION OR DISTURBANCE BETWEEN MILE POSTS _____ AND _____ (S., A.)

_____
ROAD FIELD ENGINEER

_____
SECRETARY OF TRANSPORTATION
STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION

_____
EXECUTIVE SECRETARY
STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION

ACCEPTED FOR FILE AND RECORDED IN THE PUBLIC RECORDS OF ___PALM BEACH___ COUNTY, FLORIDA, THIS ___ DAY OF ___ A.D. 19 ___ IN RIGHT OF WAY ROAD PLAT BOOK ___ PAGE ___

_____
CLERK OF CIRCUIT COURT OF
___PALM BEACH___ COUNTY, FLORIDA




PREPARED BY



STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION

## MAINTENANCE MAP

PLAT
BOOK 6 PAGE 1 2





R 02

PLAT
BOOK [ 6 ] PAGE [ 1 3 ]





PLAT
BOOK [6] PAGE [1][4]

































MAINTENANCE MAP























PLAT
B??? 6 PAGE 2 8












MAINTENANCE MAP









RPB 6





Filing # 152534250 E-Filed 06/30/2022 03:34:20 PM

CFN 20220284094
OR BK 33680 PG 1456
RECORDED 07/06/2022 08:52:19
Palm Beach County, Florida
AMT
Joseph Abruzzo
Clerk
Pgs 1456-1459; (4Pgs)

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY,
FLORIDA

STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

    Plaintiff,

v.

                                                        Case No.: 2021-CA-004564
                                                        Division: AJ

FANE LOZMAN,

    Defendant.
_____/

## CONSENT FINAL JUDGMENT

Plaintiff, State of Florida Department of Environmental Protection ("Department") and

Defendant, Fane Lozman, agree and consent to the entry of this Consent to Final Judgment

("Judgment"), and the Court, having reviewed the pleadings and the record, and being otherwise

duly informed, does hereby find as follows:

    1.     This Court has jurisdiction over the subject matter and over the parties to this action.

    2.     The Department is the administrative agency of the State of Florida charged with

the power and duty to protect Florida's environmental resources under Chapter 373 and 403,

Florida Statutes, and the Florida Administrative Code Rules promulgated thereunder.

    3.     Defendant, Fane Lozman, is an individual who owns certain real property located

at 5101 N Ocean Ave, Rivera Beach, Florida ("Property"). Mr. Lozman is a "person" within the

meaning of Sections 403.031, and 373.019, Florida Statutes.

    4.     The Property is mostly submerged land within the Lake Worth Lagoon ("Lagoon"),

with a smaller vegetated area consisting of mostly mangroves along its landward boundary.

    5.     On December 1, 2020, pursuant to section 403.121(2), Florida Statutes, the

Department issued a Notice of Violation, Orders for Corrective Action, and Administrative Penalty

CASE NO.: 2021-CA-4804
Page 2 of 4

CFN 20220284094
BOOK 33680 PAGE 1457
2 OF 4

Assessment ("NOV") against Defendant. The NOV contained findings of fact and conclusions of law which determined that the concrete blocks placed in the Lagoon by Defendant constituted the unauthorized filling of surface waters on the Property within the Lagoon. The NOV required the removal of the structures from the Property within 20 days.

6.      On February 10, 2021, the Department issued a Final Order adopting and making final the findings of fact and conclusions of law of the NOV.

7.      On April 7, 2021, the Department filed the Petition for Enforcement in this action to enforce the terms of the Final Order and NOV against Defendant.

8.      On August 16, 2021, the Court issued an Order Granting the Department's Motion for Temporary Injunction requiring Defendant to remove any structures remaining at the Property and prohibited placement, deposit, or storage of any additional structures or fill on the Property until resolution of the case or other further written order of the Court.

9.      On or about September 7, 2021, Defendant removed the structures from the Property.

10.     The Department, for and in consideration of the complete and timely performance by Defendant of all the obligations agreed to in this Judgement, hereby conditionally waives its right to seek judicial imposition of damages or civil penalties for alleged violations up to the date of the filing of this Judgement as well as the collection of administrative penalties and costs assessed in the underlying administrative proceeding. This waiver is conditioned upon Defendant's complete compliance with all of the terms of this Judgement.

11.     This document constitutes the entire agreement and understanding of the parties to this Judgment concerning settlement of the matters addressed herein and there are no

CFN 20220284094
BOOK 33680 PAGE 1458
3 OF 4

representations, warranties, covenants, terms, or conditions agreed upon between the parties other than those expressed in this Judgment.

Wherefore, this Court does hereby **ORDER AND ADJUDGE**, as follows:

A. Defendant shall not fill or deposit any material by any means on or within the Property unless or until:

    i.   A final judgment in Fane Lozman v. State of Florida Department of Environmental Protection, and the Board of Trustees of the Internal Improvement Fund of the State of Florida, Case No. 2021-CA-004143, or subsequent action for declaratory relief is issued authorizing fill on the Property or;

    ii.   A valid final permit is issued by the Department authorizing fill on the Property or;

    iii.  A written order verifying an exemption is issued by the Department.

B. This Court shall retain jurisdiction to enforce the terms of this Consent Final Judgment.

    **ORDERED** in West Palm Beach, Palm Beach County, Florida.

502021CA004564XXXXMB    06/30/2022
Maxine Cheesman
Circuit Judge

Matthew J. Knoll, Esq. Counsel for FDEP Matthew.Knoll@FloridaDEP.gov

Fane Lozman, 2913 Avenue F, Riviera Beach, Florida 33404, fane@fanelozman.com

## CONSENT TO ENTRY WITHOUT FURTHER NOTICE OR HEARING
## AND TO BE BOUND BY TERMS AND CONDITIONS

The undersigned hereby agree and consent to the court's entry of the above Consent Final Judgment without further notice or hearing and stipulate to the terms and conditions thereof.

**DEFENDANT FANE LOZMAN**

_____          June 22, 2022
Fane Lozman                                 _____
                                            Date

**FOR THE PLAINTIFF STATE OF FLORIDA**
**DEPARTMENT OF ENVIRONMENTAL PROTECTION**

_____          June 22, 2022
Jason Andreotta                             _____
Southeast District Director                 Date

CC:
Matthew Knoll, Esq.
Fane Lozman

This is not a certified copy

*G. B. Co.*

107

**INTERNAL IMPROVEMENT FUND, STATE OF FLORIDA:**

DEED NO. 17,146.

WHEREAS, the undersigned, the Trustees of the Internal Improvement Fund of the State of Florida, have under and by virtue of the authority vested in them by Chapter 7304, of the Acts of 1917, Laws of Florida, given notice by publication in the Palm Beach Post, a newspaper published in the County of Palm Beach, State of Florida, in which the lands hereinafter described are located, once each week for five consecutive weeks, that they would on November 16th, A. D. 1923, hold a meeting for the purpose of considering the sale of the lands hereinafter described, in order that any person or persons who had objections thereto might have opportunity to present the same, as provided for by said statute; and,

WHEREAS, it has been made to appear to the said Trustees that said land is of the character and is so situated as to come within the terms of said Act, and no objection having been offered to such sale, and a satisfactory offer having been received therefor; now therefore,

KNOW ALL MEN BY THESE PRESENTS:   That the Trustees of the Internal Improvement Fund of the State of Florida under and by virtue of the authority vested in and conferred upon them by the provisions of said Chapter 7304, Laws of Florida, Acts of 1917, for and in consideration of the sum of Six Thousand Two Hundred Thirty-four and No/100 Dollars ($6234.00) to them in hand paid by Lake Worth Realty Company, a corporation organized

EXHIBIT C

and existing under the laws of the State of Colorado and
authorized to do business in the State of Florida, have granted,
bargained and sold, and do by these presents grant, bargain,
sell and convey unto the said Lake Worth Realty Company, its
successors, legal representatives or assigns the following
described land situate lying and being in the County of Palm
Beach, State of Florida, to-wit:

The parcels, tracts, or shallow banks
in Lake Worth in Sections 22 and 15, Township
42 South, Range 43 East, and further described
as follows:

TRACT NUMBER 1.

Beginning at the Southeast corner of
Section 22, Township 42 South, Range 43 East,
as established by William J. Reyes, Deputy
United States Surveyor, in October, 1858, and
recorded on the United States Government plat
approved November 7, 1859, which corner is
also the meander corner on the shore of Lake
Worth, as shown by said plat, thence following
the meander of the shore of Lake Worth by the
traverse as shown and recorded on the above
mentioned plat North 18 degrees West 990 feet;
thence North 5 degrees East 2310 feet; thence
North 14 degrees West 2112 feet to the section
line between Sections 22 and 15; thence West
along said section line, if prolonged, 930
feet; thence South 20 degrees 30 minutes East
630 feet; thence South 1450 feet; thence South
39 degrees 30 minutes West 2900 feet; thence
South 1014 feet to a point on the South line
of Section 22, West of the point of beginning;
thence East 3169 feet, more or less, to the
point of beginning; containing 221.59 acres,
more or less, in or abutting Section 22; Town-
ship 42 South, Range 43 East, and also all those
pieces or parcels of submerged, overflowed and
filled-in lands, and lands which have formed
by accretion lying between the tract of land
hereinabove described and the Eastern shore or
high water mark of Lake Worth, and,

TRACT NUMBER 2.

Beginning at the meander corner on the
Eastern shore of Lake Worth on the section
line between Sections 15 and 22 as shown by

the above described plat and also being the
Northeast corner of Tract Number 1 hereinabove
described, thence following the meander line
as shown by said plat North 15 degrees West
1980 feet; thence North 13 degrees West 1287
feet; thence North 19 degrees West 400 feet;
thence West 1875 feet; thence South 480 feet;
thence East 450 feet; thence South 48 degrees
30 minutes East 400 feet; thence South 60
degrees East 900 feet; thence South 1400 feet;
thence South 20 degrees 30 minutes East 1000
feet to a point  on the section line West of
the point of beginning; thence East along
the section line between said Sections 15 and
22, if prolonged, 930 feet, more of less, to
the point of beginning, containing 90.11 acres,
more or less, in or abutting Section 15, Town-
ship 42 South, Range 43 East.

The two parcels containing a total of 311.70
acres, more or less.

TO HAVE AND TO HOLD the above described property to
the said Lake Worth Realty Company and its successors, legal
representatives and assigns, forever.

SAVING AND RESERVING unto the said, the Trustees
of the Internal Improvement Fund of Florida, and their successors,
an undivided three-fourths interest in and title in and to an
undivided three-fourths interest in all the phosphate, minerals
and metals that are or may be in, on or under  the said above
described land, with the right and privilege to mine and develop
the same.

AND FURTHER SAVING AND RESERVING, unto the said,
the Trustees of the Internal Improvement Fund of Florida, and
their successors, an undivided one-half interest in and title
in and to an undivided one-half interest in all the petroleum
that is or may be in, on or under the said above described land,
with the privilege to mine and develop the same.

IN TESTIMONY WHEREOF, the said Trustees have hereunto subscribed their names and affixed their seals, and have caused the seal of "THE DEPARTMENT OF AGRICULTURE OF THE STATE OF FLORIDA" to be hereunto affixed, at the Capitol in the City of Tallahassee, on this the 22nd. day of April, A. D. Nineteen hundred and twenty-four.

( SEAL)

Deed sent
E. J. L'Engle Jacksonville
May 1 1924 —

| | |
|---|---|
| Cary A. Hardee. | (SEAL) |
| Governor | |
| Ernest Amos. | (SEAL) |
| Comptroller. | |
| J. C. Luning. | (SEAL) |
| Treasurer. | |
| Rivers Buford, | (SEAL) |
| Attorney General. | |
| Nathan Mayo. | (SEAL) |
| Commissioner of Agriculture. | |

FLORIDA



# T 42 S R 43 E



*State of Florida*

Received with Surveyor Generals letter No 9199 of November 9th 1859.

## TRAVERSE

Aggregate area of Public Lands 12,023.40
Estimated area of Lakes 3,011.66
Aggregate area 14,448.88

The south boundary of this Township, was retraced, and the subdivision Lines were surveyed by William J. Riyou, Deputy Surveyor, in 1858. Newly retraced Lines 8th Nov. 1858, and completed 1st octobr 1859.

Scale 40 chains to an Inch

The above Map of Township No 42 South of Range No 43 of the Principal Meridian, is strictly conformable to the field notes of the survey thereof on file in this Office which have been examined and approved.

Surveyor Generals Office at
St Augustine Florida
November 7th 1859.

Francis L Dancy
Surveyor General

Surveyed partly by G. L. Chipman No 9803 of 1859 16th 1859.

| Survey Designated | By whom Surveyed | Date of Contract | Amount of Survey | When Surveyed |
|---|---|---|---|---|
| Township Lines South Boundary | William J Riou | 23rd December 1855 | | |
| Subdivision Lines | | | | October 1858 |
| Traverse Lines | | | | |

POOR COPY

**EXHIMBT D**



Barnett 1915

Notes on Sec Line between Secs 20, 21 and
22 North & Secs. 29, 28 & 27 South
T. 42 S. R. 43 E.

20          21

Original          Original

5330'          4296

29          28

Shore of Lake Worth          Shore of Lake Worth          Atlantic Ocean

22

6250          12.59 & 260? 8 o?

27

17

EXHIBIT E



Barnett 1915

Triangulation of Lake Worth. Line between

Secs 22 & 27. T.42 S. R.43 E.

Set Traverse Cor.

Barnett 1915

"Tie" to Sec line South End Juno Beach Property.

NOTE: "SET TRAVERSE COR" IS THE SAME TERM USED FOR A MEANDER CORNER/SECTION CORNER USED BY W.J.RAYES, DEPUTY U.S. SURVEYOR IN 1858 AND ALSO EVIDENCED BY THE SECTION CORNER SYMBOL.



Notes taken by C. A. Barnett in 1915
Copied from his original Field Book.
"No 12" of The Palm Beach Farms Co.
   T.42 S - R43 E.

EXHIBIT F



Barnett. 1915

Triangulation of Lake Worth
On Line between Secs 4 & 9,
Twp 42 So - R. 43 E.

15

Barnett - 1915.

Triangulation of East Coast Canal between Secs 5 & 8
T. 42 S. R. 43 E.

Tie from Sec Line   North end of Juno Beach
Tract To last Traverse along Ocean Beach

EXHIBIT G



**LOCATION MAP**
(NOT TO SCALE)

**BENCHMARK**

**LEGAL DESCRIPTION**
(OFFICIAL RECORD BOOK 28931, PAGE 1666)

**SURVEYOR'S NOTES:**

**LEGEND**

**BOUNDARY TOPOGRAPHIC SURVEY**
PREPARED FOR: FANE LOZMAN

Legacy
Surveying and Mapping, Inc.

Date: 9/9/2022    Time: 12:54 PM    To: FL-006-2022-003340 @ 79945616825726    The
Fund
Request ID: FL-006-2022-003340    9/9/2022 12:54:01 PM    DOC; DB 306 220    Page 1 of 4

Case 9:22-cv-80118-DMM    Document 70-1    Entered on FLSD Docket 09/12/2022    Page 140 of
143

Best Copy Available

220

```
..............
· 6- .50¢ ·
· U.S.I.R. ·
· STAMPS ·
· 9-14-25 ·
..............
```

STATE OF NEW YORK

COUNTY OF LIVINGSTON

    I HEREBY CERTIFY That on this day personally appeared before me,
an officer duly authorized to administer oaths and take acknowledgments, DOROTHY
G. GRAY, to me well known to be the person described in and who executed the
foregoing deed, and acknowledged before me that she executed the same freely and
voluntarily for the purposes therein expressed.

    AND I FURTHER CERTIFY, That the said Dorothy G. Gray known to me to
be the wife of the said L. M. Gray on a separate and private examination taken and made
by and before me, separately and apart from her said husband, did acknowledge that
she made herself a party to said deed for the purpose of renouncing, relinquishing
and conveying all her right, title and interest, whether dower, homestead or of
separate property, statutory or equitable, in and to the lands described therein,
and that she executed the said deed freely and voluntarily and without any compulsion,
constraint, apprehension or fear of or from her said husband.

    WITNESS my hand and official seal at York County of Livingston and
State of New York, this 14th day of September A. D. 1925.

                        Maisie Patten
    (N. P. Seal)                Notary Public, State of New York
                        My commission expires:
                        Mar. 31, 1925.

Filed September 22, 1925 at 9:30 A. M.

Recorded September 24, 1925

In Deed Book 306 at Page 219.

_____Clerk Circuit Court.

_____D. C.

--------------------------------------------------------------------
--------------------------------------------------------------------

    THIS INDENTURE, Made and entered into on this the 19th day of May A. D.
1925, between Lake Worth Realty Company, a corporation licensed to do business in the
State of Florida, party of the first part and Fred A. Frank, unmarried, and Maggie
A. Johnson and her husband, R. C. Johnson, parties of the second part,

    WITNESSETH, That Whereas, the party of the first part is the owner
in fee simple of certain lands in Palm Beach County, State of Florida, the
south line of which is recited by its deed to be the south line of Sections 22
and 23 in Township 45 South of Range 43 east.

                                            EXHIBIT H

221

AND WHEREAS, The said Fred A. Franck and Maggie A. Johnson as tenants
in common are the owners of the land in Palm Beach County, State of Florida,
the north boundary line of which is recited by their deeds to be the north line
of Section 26 and 27 in Township 42 South of Range 43 East; all of said lands
being bounded on the west by the shore of Lake Worth and on the east by the
Atlantic Ocean.

AND WHEREAS, There has been uncertainty as to the exact location of the
section line dividing Sections 22 and 27 and dividing Sections 23 and 26, said
Township and Range aforesaid, and the parties have heretofore agreed upon,
recognized, and occupied their respective properties in accordance with the
boundary line hereinafter fixed, as the true boundary line between them,

AND WHEREAS, Said section lines constitute the boundary line between the
lands of the parties hereto and it is the desire of the parties hereto to establish
definitely and with certainty, a certain boundary line between their respective
properties,

NOW THEREFORE, This Indenture Witnesseth, That in consideration of the
premises all of the parties hereto do hereby agree that said section lines between
said sections 22 and 27 and between Sections 23 and 26 which constitute the
boundary line between the properties of the respective parties is the prolonga-
tion to the east to the shore of the Atlantic Ocean of the Section line between
21 and 28 and between Section 28 and 29, Township and range aforesaid, which said
Section line is the center line of the Silver Beach Road, or approximately so.

And said parties do each for themselves, hereby forever bind themselves,
their heirs and assigns to recognize the boundary lines between their respective
properties to be as herein designated, fixed and described.

IN WITNESS WHEREOF, The party of the first part has caused this instrument
to be executed and the parties of the second part have hereunto set their hands
and seals on this the day and year first above written,

Attest:                          (Corp Seal)            LAKE WORTH REALTY COMPANY

    W. F. Greenwood                                By F. E. Bryant
       Secretary                                        Vice-President

                                                   Fred A. Franck      (SEAL)

                                                   Maggie A. Johnson    (SEAL)

                                                   R. G. Johnson        (SEAL)

Signed, sealed and delivered
in the presence:

Mary C. Johnson
Ida Wilcox               As to F.A.A.
                         As to M.A.J. and
                         R.G.J.

Kate Kennish
Carle Culbert            As to W.F.G.

E. E. Wagron

Date: 9/9/2022    Time: 12:54 PM    To: FL-006-2022-003340 @ 79945616825726
Fund
Request ID: FL-006-2022-003340    9/9/2022 12:54:01 PM    DOC_DB 306 220    The
Case 9:22-cv-80486-DMM Document 70-1 Entered on FLSD Docket 09/12/2022 Page 142 of 143
Page 005
Page 3 of 4
Best Copy Available

222

Harold Teesdale        As to F.E.B.


STATE OF COLORADO    }
COUNTY OF EL PASO    )

I, an officer duly authorized to take acknowledgments according to the
laws of the State of Colorado duly qualified and acting, HEREBY CERTIFY, That
W. F. Greenwood as Secretary of the Lake Worth Realty Company to me personally known,
this day acknowledged before me that he executed the foregoing instrument as such
officer of said corporation, and that he affixed thereto the official seal of said
corporation; and I FURTHER CERTIFY that I know the said person making said
acknowledgment to be the individual described in and who executed the said instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal at
Colorado Springs, said County and State this 2nd day of September A. D. 1925.

(N. P. Seal)                          Kate Kamaiah
                                      Notary Public.

                                      My commission expires:
                                      January 2, 1926.


STATE OF FLORIDA     }
COUNTY OF PALM BEACH }

I HEREBY CERTIFY That on this day personally appeared before me, an
officer duly authorized to administer oaths and take acknowledgments, Fred A. Franck,
unmarried, and Maggie A. Johnson and her husband, E. G. Johnson to me well known to be
the persons described in and who executed the foregoing instrument, and acknowledged
before me that they executed the same freely and voluntarily for the purposes therein
expressed.

AND I FURTHER CERTIFY, That the said Maggie A. Johnson known to me
to be the wife of the said E. G. Johnson on a separate and private examination taken
and made by and before me, separately and apart from her said husband, did acknowledge
that she made herself a party to said instrument for the purpose of renouncing,
relinquishing and conveying all her right, title and interest, whether dower, homestead
or of separate property, statutory or equitable, in and to the lands described therein,
and that she executed the said instrument freely and voluntarily and without any
compulsion, constraint, apprehension or fear of or from her said husband.

WITNESS my hand and official seal at West Palm Beach, County of Palm
Beach and State of Florida, this 19th day of May, A. D. 1925.

(N. P. Seal)                          Mary D. Johnson

                                      Notary Public.

                                      My commission expires:
                                      Dec. 6, 1925.

223

STATE OF ILLINOIS   )
                    )
COUNTY OF COOK      )

                    I, An officer duly authorized to take acknowledgements according
to the laws of the State of Illinois, duly qualified and acting, HEREBY CERTIFY,
That F. E. Bryant, Vice-President of The Lake Worth Realty Company to me personally
known, this day acknowledged before me that he executed the foregoing instrument
as such officer of said corporation, and I further certify that I know the
said person making said acknowledgement to be the individual described in and
who executed the said instrument.

                    IN WITNESS WHEREOF, I have hereunto set my hand and official seal
at Chicago, said County and State, this 17th day of August, A. D. 1925.

                    (N. P.Seal)                    Emil F. Roehlke,
                                                   Notary Public

                                                   My commission expires:
                                                   October 7, 1925.

Filed September 24, 1925 at 9:30 A. M.
Recorded September 24, 1925.
In Deed Book 306 at Page 220.

        _Fred E. Fouse_____Clerk Circuit Court
        _____D. C.

------------------------------------------------------------------------------
------------------------------------------------------------------------------

                    A S S I G N M E N T.

                    THIS INDENTURE Made this 16th day of September, A. D. 1925, between
W. F. GREENWOOD, a widower, of Colorado Springs, State of Colorado, party
of the first part, and William A. Otis, of Colorado Springs, Colorado, party of
the second part,

                    W I T N E S S E T H:

                    That said party of the first part, for and in consideration of the sum
of One Dollar and other valuable considerations in hand paid by the said party
of the second part, the receipt whereof is hereby acknowledged, and for the
further consideration that the party of the second part assumes the obligations
of that certain agreement dated August 7, A. D. 1922, between Cary A. Hardee,
Governor, Ernest Amos, Comptroller, J. C. Luning, State Treasurer, Rivers
Buford, Attorney General, and W. A. McRae, Commissioner of Agriculture, or and
composing the Trustees of the Internal Improvement Fund of the State of Florida,
for themselves as such officials and their successors in office, and W. F.
Greenwood of Colorado Springs, State of Colorado, said agreement being hereinafter
referred to as the agreement with the Trustees of the Internal Improvement of the
State of Florida, does grant, bargain, sell, assign, transfer and convey to said