**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

FANE LOZMAN )
)
        Plaintiff, )
)   Case No. 9:22-cv-80118-DMM
v. )
)
CITY OF RIVIERA BEACH, FLORIDA )
)
        Defendant. )
_____ )

**JOINT MOTION TO STAY PROCEEDINGS TO FILE**
**A BILL OF COSTS UNDER 28 U.S.C. §1920**

Plaintiff, FANE LOZMAN, and Defendant, CITY OF RIVIERA BEACH, by and through undersigned counsel, respectfully move to stay proceedings as it relates to the adjudication of a motion to tax costs:

1. Pursuant to 28 U.S.C. § 1920 and S.D. Fla. L.R. 7.3(c), a bill of costs and supporting memorandum shall be filed and served within thirty (30) days of entry of Final Judgment.

2. This Court granted Defendant's Motion for Summary Judgment (D.E. 197) and entered Final Judgment for Defendant on April 4, 2023 (D.E. 198).

3. Plaintiff sought an appeal under Case No. 23-11119 before the Eleventh Circuit Court of Appeals.

4. Following Plaintiff's appeal, in the interest of judicial economy, the parties asked this Court to stay proceedings pending the resolution of Plaintiff's appeal (D.E. 207) and the Court granted the Parties' request, ordering that Plaintiff's had thirty (30) days from the issuance of a mandate from the appellate court to file a bill of costs with this Court (D.E. 210).

5. The Eleventh Circuit issued their Mandate on November 14, 2024 (D.E. 212).

*Lozman v. City of Riviera Beach*
Case No. 9:22-cv-80118-DMM
Joint Motion for Extension of Time to File Bill of Costs and Supporting Memorandum
Page 2 of 5

6.      Plaintiff has sought and been granted an extension of time until February 13, 2025 to file a writ of certiorari with the Supreme Court (attached as Exhibit "A").

7.      Should the Supreme Court grant certiorari and Plaintiff prevail at the Supreme Court, the District Court's judicial efforts in resolving costs could be for naught. Alternatively, should the Supreme Court grant certiorari and the Defendant prevail, Sup. Ct. R. 43 could award the Defendant additional costs pertaining to the review of certiorari.

8.      The parties agree that the costs should not be dealt with piecemeal because a piecemeal approach would put an otherwise unnecessary burden on this Court and the parties.

9.      Therefore, the parties respectfully request an order from the Court staying proceedings as it relates to taxation of costs under 28 U.S.C. §1920 until the Supreme Court either denies Plaintiff's anticipated petition for certiorari or grants certiorari and issues its opinion on the matter.

### **INCORPORATED MEMORANDUM OF LAW**

District Courts possess broad authority to manage their dockets and promote judicial efficiency. *Walter Int'l Prods. v. Salinas*, 650 F.3d 1402, 1415 (11th Cir. 2011) ("A district court has broad authority 'to control the pace of litigation before it.'") (quoting *Chrysler Int'l Corp v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). The Eleventh Circuit has "stress[ed] the broad discretion district courts have in managing their cases ... Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler*, 280 F.3d at 1360. "This discretion is not wholly unfettered, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997); but it is and must be broad." *Id. Chevaldina v.*

*Lozman v. City of Riviera Beach*
Case No. 9:22-cv-80118-DMM
Joint Motion for Extension of Time to File Bill of Costs and Supporting Memorandum
Page 3 of 5

*Katz*, 2021 WL 2414109, at *5 (S.D. Fla. June 13, 2021), *reconsideration denied*, 2021 WL 9037721 (S.D. Fla. July 1, 2021), *aff'd*, 2022 WL 2568066 (11th Cir. July 8, 2022).

The Court's control over its docket extends to granting a limited stay to promote judicial efficiency. *See In re Application of Alves Bragg,* 789 F. Supp. 2d (S.D. Fla. 2011) (observing "it is well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties") (citing *Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936) (noting that federal courts have inherent authority to stay proceedings to conserve judicial resources and ensure that each matter is handled efficiently)). In this instance, a stay on the taxation of costs will prevent the duplication of work and promotion judicial efficiency.

WHEREFORE, the parties respectfully request an order from the Court staying proceedings as it relates to taxation of costs under 28 U.S.C. §1920 until the Plaintiff's anticipated petition for certiorari to the Supreme Court is denied or the petition is granted and the matter decided by the Supreme Court.

[Signature Page Follows]

4916-8394-1126, v. 1

*Lozman v. City of Riviera Beach*
Case No. 9:22-cv-80118-DMM
Joint Motion for Extension of Time to File Bill of Costs and Supporting Memorandum
Page 4 of 5

Respectfully submitted,

LEWIS, LONGMAN & WALKER, P.A.

/s/ Amy Taylor Petrick
ANDREW J. BAUMANN
Florida Bar No. 70610
TELSULA C. MORGAN
Florida Bar No. 16794
AMY TAYLOR PETRICK
Florida Bar No. 315590
360 South Rosemary Avenue, Suite 1100
West Palm Beach, FL 33401
Telephone: 561-640-0820
Primary Email: abaumann@llw-law.com
Secondary Email: mlozada@llw-law.com
Primary Email: tmorgan@llw-law.com
Secondary Email: abuzek@llw-law.com
Primary Email: apetrick@llw-law.com
Secondary Email:  bpennington@llw-law.com

DAWN S. WYNN
CITY OF RIVIERA BEACH
1481 W. 15th Street
Riviera Beach, Florida 33404
Telephone:  561-845-4069
Primary Email:  dwynn@rivierabeach.org
*Attorneys for Defendant*

4916-8394-1126, v. 1

*Lozman v. City of Riviera Beach*
Case No. 9:22-cv-80118-DMM
Joint Motion for Extension of Time to File Bill of Costs and Supporting Memorandum
Page 5 of 5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the

Court's CM/ECF system, which provides notice to the following counsel of record, on this 13th

day of December, 2024 to:

Jonathan O'Boyle
THE O'BOYLE LAW FIRM
1286 West Newport Center Drive
Deerfield Beach, FL 33442
For Service of Court Documents:
oboylecourtdocs@oboylelawfirm.com
joboyle@oboylelawfirm.com
*Attorney for Plaintiff*

Ian Samuel
STE. MONIQUE APPELLORS, LLC
2200 Colorado Avenue, Suite 512
Santa Monica, CA  90404
Primary Email:  ian@stemonique.com
*Attorney for Plaintiff*

Kerri L. Barsh
GREENBERG TRAURIG, LLP
333 SE 2nd Avenue, Suite 4400
Miami, FL  33131
Telephone: (305) 579-0772
Primary Email:  barshk@gtlaw.com
*Attorney for Plaintiff*

Edward A. Weinhaus
STE. MONIQUE APPELLORS, LLC
10859 Picadily Square Drive
Creve Coeur, MO  63146
Telephone: (314) 580-9580
Primary Email:  coach@appellors.com
*Attorney for Plaintiff*

PHILIP J. NATHANSON
Trial & Appellate Attorney
7450 E. PINNACLE PEAK RD. #150
Scottsdale, AZ 85255
Phone: 480-235-0978
philipj@nathansonlawfirm.com
www.trialandappellatelaw.com
*Attorney for Plaintiff*

Benjamin L. Reiss, Esq.
Oliver M. Birman, Esq.
PERLMAN BAJANDAS YEVOLI
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
breiss@pbyalaw.com
obirman@pbyalaw.com
*Attorney for Plaintiff*

/s/ Amy Taylor Petrick
AMY TAYLOR PETRICK
Florida Bar No. 315590

4916-8394-1126, v. 1